JAMES BRIDGER, Respondent, *v.* HENRY R. PIERSON, Appellant.

A deed with covenants for quiet enjoyment contained the following clause: "Reserving always a right of way, as now used, on the west side of the above described premises, for cattle and carriages, from the public highway to the piece of land now owned by R."—*Held*, that, although strictly a *reservation* in a deed is ineffectual to create a right in any person not a party thereto, yet there being, in fact, a right of way existing, at the time of the grant in R., such clause must be construed as an *exception* from the property conveyed; and that the grantor was not liable to the grantee as for a breach of his covenant.

Where the language used is susceptible of more than one interpretation, courts will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties and of the subject-matter of the instrument. To this extent, extraneous evidence is admissible to aid in the construction of written contracts.

(Argued May 23d; decided May 30th, 1871.)

APPEAL from the judgment of the late General Term of the Supreme Court, in the seventh judicial district, affirming the judgment of the Special Term, entered upon the report of a referee in favor of the plaintiff.

In April, 1849, the defendant conveyed to the plaintiff, by deed, fifty-four acres of land, "reserving, always, a right of way, as now used, on the west side of the above described premises, for cattle and carriages, from the public highway

to the piece of land now owned by Samuel B. Reeves, lying north of and adjoining the premises herein conveyed." There was a covenant for quiet enjoyment. Subsequently, the defendant executed to the plaintiff a quitclaim deed of the same premises, containing no reservation of the right of way. The consideration of this deed was five dollars. In 1860, Reeves brought an action against the plaintiff to recover the use of the private way claimed to be owned by him, alleging that it had been obstructed by the plaintiff. Reeves claimed to own the way by prescription. Due notice was given to the defendant requiring him to defend the action. Reeves established, by judgment, the right of way in question, and recovered damages and costs. This action was brought to recover for the costs and damages incurred by the plaintiff in defending such suit, after notice.

*Henry R. Selden,* for the appellant, cited *Moore* v. *Jackson* (4 Wend., 69); Sheppard's Touchstone, 86; *French* v. *Carhart* (1 N. Y., 96, 102); *Wright* v. *Kemp* (3 T. R., 473); *Jackson* v. *Topping* ( 1 Wend., 396, 397); *Jackson* v. *Myers* (3 John., 388, 395); *Nash* v. *Towne* (5 Wall., 699); Broom's Leg. Max., 298; Co. Litt., 143; Thomas' ed. of Coke. vol. 2, 412; *Doe* v. *Locke* (2 Ad. & Ellis, 724); *Voorhees* v. *Presb. Church* (19 Barb., 108, 109); Clanrickard's Case, Hob., 277, b.; *Darling* v. *Rogers* (22 Wend., 489); *Dubois* v. *Ray* (35 N. Y., 166).

*S. K. Williams,* for the respondent. In this case an easement was reserved to the grantor only. (*Hornbeck* v. *Westbrook,* 9 John., 73.) A reservation to a stranger is void. (*Moore* v. *Earl of Plymouth,* 3 Barn. & Ald.; *Ives* v. *Van Auken,* 34 Barb., 566; *Craig* v. *Wells,* 1 Kern., 332.) On the question of breach of covenant. (*Harlow* v. *Thomas,* 15 Pick., 66; 2 Mass., 79; Rawle on Cov. for Title, 226.) The deed might be introduced in evidence. (*Fountain* v. *Pettee,* 38 N. Y., 184; *Merritt* v. *Seaman,* 6 Barb., 330.) On the question of exceptions taken. (*Stone* v. *W. T. Co.,* 38 N. Y.,

240; *Wheeler* v. *Billings*, 38 N. Y., 263; 31 Barb., 171; 2 Trans. App., 298; 33 N. Y., 83; 2 Seld., 233; 1 Kern., 416; 5 Denio., 218.)

GROVER, J, The plaintiff having given notice of the action brought by Reeves against him to establish his right of way over the land embraced in his deed, and requested him to assume the defence thereto, the judgment recovered therein, establishing such right of way in Reeves, was conclusive evidence against the defendant of the existence of such right. (*Miner* v. *Clark*, 15 Wend., 425.) The recovery of this right by the judgment in that action and enforcing its enjoyment by Reeves pursuant to the same was such an eviction as to constitute a breach of the covenant for quiet enjoyment contained in the deed, if the covenant by its true construction embraced such right. This is conceded by the counsel for the appellant. The real question in the case is whether the covenant was against this right of way in Reeves. The deed describes the land intended to be conveyed by metes and bounds, succeeding which is the following clause, " reserving always a right of way as now used on the west side of the above described premises for cattle and carriage, from the public highway to the piece of land now owned by Samuel B. Reeves, lying north of and adjoining the premises herein conveyed." Reeves not being a party to this deed, could not acquire any right of way or other interest in the land by virtue of any reservation or exception contained in it. (Shep. Touch., 78; *Hornbeck* v. *Westbrook*, 9 Johns., 73; *Craig* v. *Wells*, 1 Kern., 323.) But Reeves did not claim this right under the deed. The record shows that he established his right by an adverse user for more than twenty years prior to the giving of the deed by the defendant to the plaintiff. The question is whether the clause above referred to excluded such right from the operation of the covenant. If it can be construed as a technical reservation only, it clearly did not. A reservation is never of any part of the estate itself but of something issuing out of it or some right to be exercised by the

grantor in relation to the estate. (*Craig* v. *Wells, supra,* and authorities cited.) But a deed must be so construed as to give effect to the intent and design of the parties, manifested by the language used. (Shepherd's Touchstone, 86; *French* v. *Carhart,* 1 N. Y., 96.) This is enjoined by statute. (1 R. S., 748, § 2.) That section provides that in the construction of every instrument creating or conveying or authorizing the creation or conveyance of any estate or interest in lands, it shall be the duty of courts of justice to carry into effect the intent of the parties, so far as such intent can be collected from the whole instrument, and is consistent with the rules of law. It follows, that if it appears that it was the intention of the parties to exclude the right of way of Reeves over the land from the operation of the covenant, that it is the duty of the court to give effect to such intent. In *French* v. *Carhart* (1 Comst., 96), Jewett, Ch. J., says: "Too much regard is not to be had to the proper and exact signification of words and sentences, so as to prevent the simple intention· of the parties from taking effect. And whenever the language used is susceptible of more than one interpretation the courts will look at the surrounding circumstances existing when the contract was entered into ; the situation of the parties and of the subject-matter of the instrument. To this extent, at least, the well settled rule is that extraneous evidence is admissible to aid in the construction of written contracts." (See authorities cited at page 102.) Applying these rules to the present case, we find that, at the time of the conveyance, Reeves was entitled to a right of way over the west side of the land proposed to be conveyed, from the highway to his farm, for carriages, cattle, etc.; that he had had the actual use of such way for a long time previous thereto, during most of which time the strip over which the right of way existed had been fenced as a lane. These facts were known to the parties, and even if not known to the plaintiff, the language of the clause under consideration could scarcely have failed to convey to him full knowledge of the facts. It was a reservation of a right of way as now used

for cattle and carriages, from the public highway to the piece of land now owned by Samuel B. Reeves, lying north of and adjoining the premises conveyed. The plaintiff, from this, must have understood that such right of way was appurtenant to the land then owned by Reeves, and that it would pass as such to a purchaser of the land under a conveyance. This being so, he could not have understood that the defendant designed to reserve to himself a right of way as then used, but that he designed to except the right of way appurtenant to the farm of Reeves from the operation of the conveyance, and to convey the fee to the plaintiff subject thereto. Otherwise, why any reference to the farm of Reeves? Why not a simple reservation of the right over the west side of the lands conveyed, without reference to the purpose for which its use was desired, to reach the farm of Reeves? The defendant, if only desirous of retaining for himself a right of way in future, would hardly refer to its then use as a right of way. He owned the fee, and consequently, as such owner, had a right of way over any and every part of it for any and every purpose. If, as suggested by the plaintiff's counsel, the plaintiff owned land north of Reeves' land, and that the right was reserved for his accommodation in respect to such land, why was not that land referred to in the reservation instead of the land of Reeves? The extrinsic facts clearly show that it was the right of way appurtenant to the land of the latter, which was designed to be excepted from the deed. We have seen that such intention cannot be made effectual by construing the clause as a reservation, but that it may be by regarding it as an exception, and thus making the fee conveyed subject to this right of way. So conveying the fee would be consistent with the rules of law. It is the duty of the court so to construe the clause. By so doing, the intention of the parties will be effected. The judgment appealed from must be reversed and a new trial ordered, costs to abide the event.

All agreeing.

Judgment reversed.