DAVID MUNN, Appellant, *v.* NOAH WORRALL, Respondent.

A deed contained this exception, "saving and excepting *from the premises* hereby conveyed all, and so much, and *such part and parts thereof* as has or have been lawfully taken for a public road or roads." *Held*, that the exception was of the land covered by a public highway across the premises, not simply of the public easement therein; that the fee of the land so covered remained in the grantor and passed by a subsequent conveyance thereof to a third person.

(Argued February 12, 1873; decided May 20, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendant entered upon the decision of the court upon trial at Special Term.

This action was for an injunction restraining defendant from digging upon two strips of land, formerly highways extending through lands of the defendant. Plaintiff claimed to own these strips of land in fee. Defendant claimed title through a deed from Francis R. Tillou, given in 1836, which, after a description of the premises, contained this exception : "But saving and excepting from the premises hereby conveyed all, and so much, and such part and parts thereof as has or have been lawfully taken for a public road or roads." At the time of such conveyance there were across said premises two public highways regularly laid out. These roads were worked and used until 1840, when they appear to have been abandoned. The lands covered by these roads were, in 1856,

conveyed by Tillou to plaintiff, and are the "strips of land" in question. Defendant had entered and dug upon these lands and threatened to continue so to do.

The Special Term held that plaintiff acquired no title under his deed, was not the owner of the lands in question, and could not maintain his action, and directed judgment for defendant. Judgment was entered accordingly.

*C. Frost* for the appellant. The legal effect of the exception in the deed was to retain the fee of the lands in the grantor. (*Salisbury* v. *Andrews*, 19 Pick., 252, 253; *Richardson* v. *Palmer*, 38 N. Y., 221, 222; *N. J. Zinc Co.* v. *N. J. Franklinite Co.*, 2 Beasley, 341.) The rule that the deed must be construed most against the grantor does not apply. (*Ball* v. *Bradley*, 34 Conn., 496.) The position that the deed to plaintiff is void by reason of the defendant's adverse possession at the time of his taking is untenable. (*Crary* v. *Goodman*, 22 N. Y., 170; *Hallas* v. *Bell*, 53 Barb., 247.)

*Amasa J. Parker* for the respondent. Plaintiff cannot ask for an injunction until he has first established his title in an action of ejectment. (*Storm* v. *Mann*, 5 J. Ch., 21.) All uncertainties in a deed may be taken in favor of the grantee. (*Jackson* v. *Hudson*, 3 J. R., 375; *Jackson* v. *Gardner*, 8 id., 394; *Hathaway* v. *Power*, 6 Hill, 453.) The intention of the parties, as gathered from the whole deed, is to prevail. (*Marquand* v. *Marquand*, 4 Edw. Ch., 711.) The deed must be so construed as to give effect to every part of it. (*Moore* v. *Jackson*, 4 Wend., 58.) Where a road or highway is excepted in a deed, the exception is of the easement and not of the fee of the land. (*Levitt* v. *Towle*, 8 N. H., 96; 1 Conn., 103; *Richardson* v. *Palmer*, 38 N. H., 213; *Graves* v. *Amoskeag*, 44 id., 462; *Hays* v. *Asken*, 5 Jones L. [N. C.], 63; *Swick* v. *Sears*, 1 Hill, 17; *Hurd* v. *Curtis*, 7 Metc., 110; *Pettie* v. *Howes*, 13 Pick., 323; *Caradine* v. *Caradine*, 33 Miss. [4 Geo.], 698; *Keeler* v. *Wood*, 30 Vt. [1 Shaw], 242.)

The deed to Tillou was void because the lands were in the actual possession of defendant claiming title adverse to the grantor. (1 R. S., 690, § 147.)

Rapallo, J.   A person through whose lands a highway is laid out may convey the land on each side, retaining the fee of the premises covered by the highway. (*Jackson* v. *Hathaway*, 15 J. R., 447, 454; *Child* v. *Starr*, 4 Hill, 378.)   This result may be accomplished by so framing the description as to exclude the land covered by the highway, or by inserting in the deed proper and apt words to except such land from the premises conveyed by the general description.   An owner who has thus retained his estate in the soil, incumbered by a road, has a right to sell it, subject to that incumbrance. (*Jackson* v. *Hathaway*, *supra*, p. 454.)   In the present case, Tillou, the plaintiff's grantor, conveyed to Warner the premises through which the road in question runs, with the following exceptions: " saving and excepting *from the premises* hereby conveyed *all, and so much, and such part and parts thereof* as has or have been lawfully taken for a public road or roads."   It is claimed on the part of the respondent that this clause did not except the land covered by the road, but only the easement therein which the public had acquired by the laying out of the road, and that consequently the fee in such land, subject to the easement, passed by the deed to the grantee, notwithstanding the exception.   After a careful consideration of the language of the exception, and of the authorities cited by the learned counsel for the respondent, in support of his interpretation of it, we are of opinion that the exception was of the land, and that it cannot be confined to the easement without doing violence to the language used. The exception does not purport to be of any particular estate or interest in the land, but is in terms of a certain part and parcel of the *premises* embraced within the boundaries set forth in the deed.   It is not an exception from the estate of the grantor, but from the *premises*, and specifies the portion excepted.   For the purpose of identifying the excepted par-

cel, it is described as that part of the premises which has
been lawfully taken for a public road.

In this respect the exception differs from those which were
adjudicated upon in the numerous cases cited on the part of the
respondent, for the purpose of establishing that an exception
of a "road" or of a "highway" does not exclude the fee
of the land over which the road or highway is laid out.
*Peck* v. *Smith* (1 Conn., 103) is the leading case cited in
support of that position, but upon examination it will be
found not decisive, even of the point last referred to. The
language of the exception there was, "saving and excepting
the road or highway laid out, etc." Opinions were delivered
*seriatim* by nine judges. Four only held distinctly that the
term "highway" or "road," did not necessarily mean the land
over which the road or highway passed, and that, therefore,
only the easement was excepted. Three others held, with
equal positiveness, that the exception was good as an excep-
tion of the land. One other, that it would have been good
if the grantor had had any estate in the land occupied by the
road which he could have reserved to himself, but that the
fee was in the public, and therefore it was impossible that he
could have reserved it to himself. The remaining judge ex-
pressed no opinion as to the effect of the exception, but
placed his judgment on the ground that the fee was in the
public. There was, therefore, so far as opinions were ex-
pressed, an equal division as to the interpretation of the
exception.

In *Leavitt* v. *Towle* (8 N. H., 96), the exception was of
a "road" laid out through the premises. The court, citing
*Peck* v. *Smith*, held that "a road" was a right of pas-
sage merely, and the soil over which it passed would not be
transferred by a conveyance of the road. In *Richardson* v.
*Palmer* (38 N. H., 213), there was a reservation, not to the
grantor, but to a stranger (the White Mountain Railroad),
of the roadway for its road as laid out by the commissioners.
Of course this reservation could not enlarge the interest pre-
viously vested in the railroad company. *Graves* v. *Amoskeag*

*Co.* (44 N. H., 462) followed *Smith* v. *Towle*, and held that a grant of " a road two rods wide, from the ferry to the great road," conveyed only an easement, unless it appeared that the grantor owned only the land occupied by the road, in which case the description might be sufficient to convey the land. In *Hays* v. *Askew* (5 Jones, L. R. N.C., 63), and *Keeler* v. *Wood* (30 Vermont, 242), the meaning of the reservation was controlled by the expression of the purpose for which it was made.   In *Swick* v. *Sears* (1 Hill, 17), the reservation was of " the undivided third of the premises, which was covered by the dower right of C.," and was held to describe only the interest of the doweress.   If the dower had been at the time actually admeasured, and the deed had excepted " from the premises conveyed that part thereof which had been set off to C. on the admeasurement of her dower," the case would have been analogous to the present one, and I apprehend the conclusion would have been different.

None of the cases referred to present the feature which exists in the present case, of an exception, *from the premises* described, of a specific portion of *such premises.*  ·

It is argued that, because the portion excepted is described as that part of the premises which has been *lawfully taken* for a public road, and only an easement therein could be lawfully so taken, therefore an easement only was excepted. We cannot so understand the language ; the word " premises," we think, clearly means, in the connection in which it is used, the tract of land described in the deed, and not the estate or interest of the grantor, and the exception was of a portion of such premises, and not of an interest therein.   By describing the excepted part as that portion which has been lawfully taken for a public road or roads, lands used as private roads, or roads not lawfully established, were excluded from the exception.   The purpose of the expression was manifestly to designate with accuracy what portion of the premises was intended to be excepted.

The court below found, that the premises in controversy, at the time of the conveyance from Tillou to Warner, were

Statement of case.

included in and formed part of public roads passing over the property. We think that the fee therein was excepted from the conveyance, and remained in Tillou, and passed by his subsequent conveyance to the plaintiff, and that the court therefore erred in the conclusion that the plaintiff was not the owner thereof, or of any right, title or interest therein.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.