This statement of the law was correct with reference to the case before the court.

Affidavits were presented by the defendant to the trial court upon a motion for a new trial upon the ground of newly-discovered evidence. The motion was denied, and the appeal herein brings up the question of the correctness of that decision. We need not, however, consider this appeal, as the conclusions which we have reached will result in a new trial of the defendant.

The judgment of conviction and the order denying the motion for a new trial upon the merits and exceptions should be reversed and a new trial ordered.

All concurred.

Conviction, judgment and order denying motion for a new trial on the merits reversed and a new trial ordered.

---

HIRAM MOUNT, Appellant, *v.* ROBERT H. HAMBLEY and Others, Respondents.

*Deed — words " Save and excepting therefrom fifteen feet by fifteen feet * * * reserved as a way to Reade's cellar," construed as an exception — acts of the parties under the deed considered in its construction.*

An owner of a tract of land, a portion of which was occupied by a brick store known as "Reade's Store," conveyed a portion thereof, "being all the land lying between the said Ryan lot and said Reade's brick store. Save and excepting therefrom fifteen feet by fifteen feet on the northeasterly corner of said lot, reserved as a way to Reade's cellar," and thereafter conveyed to another party

the remaining portion, "together with a plot of ground fifteen feet by fifteen feet adjoining the northeast corner of these premises and reserved from the northerly corner of the lot contracted to said Thomson for a cellarway, for the use of the store on the premises hereby conveyed, together with a right of way."

At the time of the conveyances the plot of ground fifteen feet square was used for a cellarway leading to Reade's store and continued to be so used to some extent at least down to the time of the trial of an action brought by a grantee under the first-mentioned conveyance, against a grantee under the last-mentioned conveyance, under a claim that the latter had no right to use or occupy the plot of ground in question for any other purpose than as a cellarway to the store (formerly Reade's), or to erect any building or structure thereon.

*Held,* that the use of the word "exception" or "reservation" in the conveyance was not conclusive, but that all the words of the grant must be considered, and if their meaning was uncertain or ambiguous, then all the circumstances surrounding the transaction, in order that it might be ascertained whether the grantor parted with the title, but retained to himself some right or interest in the thing granted (in which case there would be a reservation), or whether the grantor retained to himself a part of the premises described as granted, which would constitute an exception;

That, there being no circumstances to indicate that the intention of the parties was to create a reservation, and it appearing that the grantee under the second conveyance not only used the plot in question as a cellarway, but covered it with a shed which was at first used for storage purposes, and later erected a two-story building upon it, using it precisely as if he owned the fee thereof, while the grantee under the first conveyance had not used or attempted to use the premises in question, at least in a way to interfere with their use by the grantee under the second conveyance, the latter would be presumed to have acquired the fee to the land in question.

APPEAL by the plaintiff, Hiram Mount, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Jefferson on the 7th day of May, 1898, upon the decision of the court, rendered after a trial at the Jefferson Special Term, dismissing the complaint upon the merits.

*Wayland F. Ford,* for the appellant.

*Elon R. Brown,* for the respondents.

Judgment affirmed, with costs, on the opinion of McLENNAN, J., delivered at Special Term.

All concurred.

The following is the opinion of McLENNAN, J.:

McLENNAN, J.:

One Thomas M. Reade was, at the time of his death, the owner and in possession of a certain tract of land situate in the village of Clayton, Jefferson county, N. Y. Prior to November 2, 1865, said Reade died, leaving a last will and testament, by which, among other things, he appointed Rachel Reade and Joseph W. Reade his executors, and gave them full power and authority to sell and convey the premises now owned by plaintiff and defendants. A portion of such premises was occupied by a brick store known as Reade's store.

By deed dated November 2, 1865, said executors conveyed a portion of said premises to one John M. Cline, which is the conveyance under which the plaintiff acquired all the right, title and interest which he has in and to the premises in question. The premises conveyed to said John M. Cline were described as follows, viz.: " All that tract or parcel of lands lying and being on James street, in the village of Clayton, Jefferson county, New York, and being parts of village lots number 17 and 18, as surveyed by Clark W. Candee, and lying alongside and adjoining land contracted to Edward Ryan, being thirty feet on James street, and extending back the same width sixty feet, the lot being thirty by sixty feet, and being all the land lying between the said Ryan lot and said Reade's brick store. Save and excepting therefrom fifteen feet by fifteen feet on the northeasterly corner of said lot, reserved as a way to Reade's cellar."

Thereafter, and on the 17th day of February, 1869, by a good and sufficient deed, the said executors conveyed to one Alonzo Kring the other portion of the premises, and under that conveyance the defendants acquired all the right, title and interest which they have in the premises in question. The description in the deed to Kring was as follows:

" All that piece or parcel of land situate in the village of Clayton, county of Jefferson, State of New York, bounded as follows: On the southwest by James street; on the northwest by Water street; on the northeast by a way twelve feet wide, reserved for that purpose; and on the southeast by premises contracted to James W. and Samuel R. Thomson by Thomas M. Reade, March 23rd, 1869. Together with a plot of ground, fifteen feet by fifteen feet, adjoin-

ing the northeast corner of these premises, and reserved from the northerly corner of the lot contracted to said Thomson for a cellarway for the use of the store on the premises hereby conveyed. Together with a right of way," etc.

The fifteen feet square last mentioned, it is conceded, is the same fifteen feet square mentioned in the deed under which plaintiff claims.

At the time the two deeds in question were made by the executors of Thomas M. Reade as aforesaid, the plot of ground fifteen feet square referred to in each deed was used for a cellarway leading to Reade's store, and continued to be so used, to some extent at least, down to the time of the trial. The premises were covered by a shed or low building, and were also used by the defendants and their grantors for a storage room, coal room and closet, and were not used for any purpose by the plaintiff or his grantors under claim of title. Before the commencement of this action the defendants claimed the exclusive right of possession of said plot of ground, and declared their intention of erecting thereon a substantial two-story building, to be used for any purpose which they might choose.

The plaintiff contends that the defendants have no right to use or occupy the plot of land in question for any other purpose than as a cellarway to their store (formerly Reade's store), and that they have no right to erect any building or structure thereon which will interfere with plaintiff's light or air, and he seeks an injunction so restricting the defendants in the use of said premises. Whether or not the plaintiff is entitled to the relief demanded depends upon whether the words of limitation contained in his deed, viz., "Save and excepting therefrom fifteen feet by fifteen feet on the northeasterly corner of said lot, reserved as a way to Reade's cellar," constitute an exception or a reservation. If an "exception," then the plaintiff took no title to the plot of ground in question and acquired no right or interest therein. If a "reservation," the plaintiff, by the grant in question, acquired the fee to the land, and all the right and interest of his grantor in and to the same, subject only to "a way to Reade's cellar." The fact that one or the other of the words "exception" or "reservation" may have been used in the conveyance is not conclusive, but all the words of the grant must be considered, and if their meaning is uncertain or ambiguous, then all

the circumstances surrounding the transaction, in order that it may be ascertained whether the grantor parted with the title, but retained to himself some right or interest in the thing granted, in which case there would be a "reservation," or whether the grantor retained to himself a part of the premises described as granted, which would constitute an "exception." "Reservation" and "exception," as applied to grants of land, were clearly defined in the case of *Craig* v. *Wells* (11 N. Y. 315) per SELDEN, J.: "Reservation is always of something taken back out of that which is clearly granted, while an exception is of some part of the estate not granted at all. * * *. A reservation is never of any part of the estate itself, but of something issuing out of it, as for instance, rent, or some right to be exercised in relation to the estate, as to cut timber upon it. An exception, on the other hand, must be a portion of the thing granted or described as granted, and can be of nothing else."

This definition was approved in the case of *Blackman* v. *Striker* (142 N. Y. 555).

The case of *Craig* v. *Wells* (*supra*) cites with approval the following definition by Shepard: "A reservation is a clause in a deed whereby the grantor doth reserve some new thing to himself, out of that which he granted before. This doth differ from an exception, which is ever part of the thing granted, and of a thing *in esse* at the time: but this is of a thing newly created, or reserved out of a thing demised, that was not *in esse* before. (Shep. Touch. 80.)"

The test is whether or not the thing was granted or conveyed at all, although embraced in the general description. If not, then clearly it is an exception; but if the thing be granted, and some right or interest therein is reserved, then it is a reservation. The words in the plaintiff's grant are "Save and excepting therefrom a piece of land fifteen feet by fifteen feet;" if there was nothing more it would concededly have been an exception, and no title to or interest in that plot of ground would have passed, but there follows these words: "Reserved as a way to Reade's cellar," and, as before said, it is claimed that these words, taken in connection with the exception, constitute a reservation, and that the plaintiff's grantor acquired the fee to the plot of ground, subject only to an easement of a way to Reade's cellar. It will be remembered that the grantor was the owner of Reade's store at the time plaintiff's original deed was

made, and that the words of limitation in the deed were for his benefit, and it appears that he afterwards conveyed the premises known as Reade's store, and the plot of ground in question, to the defendants' grantor.

In the case of *Bridger* v. *Pierson* (45 N. Y. 601) it appeared that the defendant conveyed to the plaintiff by deed fifty-four acres of land, which land was described by metes and bounds, and then followed the words : " Reserving always a right of way as now used on the west side of the above-described premises, for cattle and carriages, from the public highway to the piece of land now owned by Samuel B. Reeves, lying north of and adjoining the premises herein conveyed."

It was held, per GROVER, J., that this was an exception from the grant of the right of way used, and that the grantee in that deed acquired no right, title, interest or easement in or to the lands included in or covered by such way.

In the case of *Mayor, etc., of New York* v. *New York Central & Hudson River R. R. Co.* (69 Hun, 325) the head note is as follows : " A grantor who states in his deed that he excepts therefrom a certain portion of the land for a certain purpose, cannot be held to have conveyed that which he has expressly excluded by the deed, because he afterwards devotes it to a different purpose."

In that case the grant was of certain premises described by metes and bounds, and from the grant was excepted " so much of the land embraced within the foregoing description as formed parts or portions of Thirty-ninth street and Twelfth and Thirteenth avenues, for the uses and purposes of public streets, avenues and highways."

At page 326 the court said, per VAN BRUNT, P. J. : " But by this grant there was expressly excepted the soil embraced within the limits of the streets shown upon the map annexed to the conveyance.

" It is true that in the conveyance it was stated that such exception was made for the uses and purposes of public streets, avenues and highways. But it is entirely immaterial for what purpose the exception was made, if the land in question was not included in the grant, as clearly it was not. A grantor who states in his deed that he excepts a certain portion of the land because he wants it for a certain purpose, cannot be held to have conveyed that which he expressly excluded, because he afterwards devotes it to a different

purpose. The land in question was not included in the grant, and, therefore, no title passed."

In *Munn* v. *Worrall* (53 N. Y. 44) it appeared that the original grantor, Francis R. Tillou, conveyed certain lands described by metes and bounds, "but saving and excepting from the premises hereby conveyed all and so much and such part and parts thereof as has or have been lawfully taken for a public road or roads."

The court said, per RAPALLO, J.: "After a careful consideration of the language of the exception, and of the authorities cited by the learned counsel for the respondent, in support of his interpretation of it, we are of opinion that the exception was of the land, and that it cannot be confined to the easement without doing violence to the language used. The exception does not purport to be of any particular estate or interest in the land, but is in terms of a certain part and parcel of the premises embraced within the boundaries set forth in the deed. It is not an exception from the estate of the grantor, but from the premises, and specifies the portion excepted. For the purpose of identifying the excepted parcel, it is described as that part of the premises which has been lawfully taken for a public road."

Continuing, the court said: "None of the cases referred to present the feature which exists in the present case, of an exception *from the premises* described, of a specific portion of *such premises*  *  *  * The word 'premises,' we think, clearly means, in the connection in which it is used, the tract of land described in the deed, and not the estate or interest of the grantor, and the exception was of a portion of such premises, and not of an interest therein. By describing the excepted part as that portion which has been lawfully taken for a public road or roads, lands used as private roads, or roads not lawfully established, were excluded from the exception. The purpose of the expression was manifestly to designate with accuracy what portion of the premises was intended to be excepted.  *  *  * We think that the fee therein was excepted from the conveyance and remained in Tillou, and passed by his subsequent conveyance to the plaintiff."

It was held in *French* v. *Carhart* (1 N. Y. 96) that "whenever the language used is susceptible of more than one interpretation the courts will look at the surrounding circumstances existing when the

contract was entered into. \* \* \* When the words of a grant are ambiguous the courts will call in aid the acts done under it as a clue to the intention of the parties."

That rule has been repeatedly affirmed, and as claimed by plaintiff's counsel is applicable to the case at bar.

The case of *Blackman* v. *Striker* (142 N. Y. 555) was an action which involved the construction of a deed which, after describing the premises conveyed by metes and bounds, contains the following clause : " Saving, excepting and reserving unto the heirs of the said John Hopper of the Out Ward, deceased, and to their and each of their heirs out of this present demise, all that certain burying ground now in fence consisting of forty-eight feet square parcel of said lott\* of ground and commonly called the family burying ground, with free ingress, egress and regress into, out of and from the same to bury the dead, &c., forever."

In that case it was held that the title to the burying lot passed to the grantee, and that, under the circumstances of that case, the grantor only reserved an easement in and to the same ; but such conclusion was not based upon the words of the deed, but upon all the facts and circumstances surrounding that transaction, the character of the title which the grantor had, the subsequent acts of the parties as indicating their intention or understanding as to their respective rights, the character of the premises, etc., and the court said, per O'BRIEN, J. (at p. 563): " There is no reason to believe that the parties to the deed intended that the grantor should retain any beneficial interest in the soil of the burying-ground plot. Matthew (the grantor) was bound to reserve the right of burial for the heirs when he sold the parcel. He was not bound to retain anything more, and the reasonable construction to be placed upon the words of the grant is that they were employed to limit the estate in the same way as it was held by the grantor. He intended to convey all he had, and the grantee intended to acquire no less. This intention was not expressed in clear or accurate language, but as it is apparent from the nature of the transaction, and from the circumstances, words and phrases used without a clear conception of their true meaning, must yield to what appears to be the intention. If we look at the

---

\* *Sic.*

conduct of the parties after the execution of the deed this view is confirmed. More than a century has passed since the conveyance, and it does not appear that Matthew or any of his descendants made claim to any beneficial interest in the property, while John Hopper, the grantee, and his descendants, evidently supposed that they owned the fee, subject only to an easement for the burial of the dead. In a case like this, where the defendant in possession has made valuable and expensive improvements upon the property, on the faith of a title more than 100 years old, the plaintiff is bound to make out a clear case. He cannot rest upon the words of the deed alone. A court must be fairly convinced from the language, read in the light of all the surrounding circumstances, that Matthew Hopper intended to retain in himself the fee of the burying ground, and that the beneficial interest so retained has vested in the plaintiff. A careful consideration of the whole case has not enabled us to reach that conclusion, but on the contrary * * * we think he has failed to show any legal title to the property."

It is apparent that the learned court would have held in that case, if only the language of the deed had been considered, that the title to the burying lot did not pass to the grantee of Matthew Hopper, but it was held that all the circumstances clearly indicated that it was the intention of the parties that the title should pass to the grantee, and that only the right of burial in the plot of ground should be retained by the grantor.

In the case at bar there are no circumstances to indicate such intention.

On the contrary, it appears that within three years after the grant under which plaintiff claims was made, his grantor conveyed this plot of ground fifteen feet square and the brick store, for a good and valuable consideration, to the defendants' grantor; that under that grant the latter grantor immediately went into possession of the premises, and that he and his grantees used the same not only as a way to the store cellar, but has covered it with a shed which at first was used for storage purposes, and later erected a two-story structure upon it, which was used for water closets for the first and second floors, and so far as appears, used it precisely as if they owned it and had the fee to the same. The plaintiff or his grantees, upon the other hand, have not used or attempted to use the premises in

question, or at least in such a way as to in any manner interfere with their use by the defendants or their grantor.

I have carefully examined the numerous authorities cited by plaintiff's counsel, but have been unable to discover any case in which it has been held that words similar to those used in the deed in question were sufficient to create a reservation of an easement, unless the acts of the parties or the surrounding circumstances were such as to clearly indicate that such was the intention of the parties. No such intention is indicated by the evidence in the case.

It follows that the plaintiff's complaint should be dismissed, with costs. Judgment is ordered accordingly.

Defendants' attorney may prepare findings, submit the same to plaintiff's attorney, and if not agreed to may be settled before me upon three days' notice.