## MYERS v. BELL TELEPHONE CO. OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1903.)

1. DEEDS—RESERVATION OF HIGHWAY—TITLE.

A public highway had been in use over plaintiff's farm for 60 years. In 1867 the then owner of the farm conveyed it by warranty deed, with the provision, "Reserving all highways and the Buffalo and Niagara Falls Railroad as now laid down." This clause appeared in all subsequent deeds, until a conveyance, dated October 1, 1884, in which the fee of the land used was especially conveyed, subject to a public easement in the highway; and a similar clause was contained in each conveyance thereafter, including the one vesting plaintiff with title. *Held*, that plaintiff held the fee to the highway, subject to the easement.

Appeal from Trial Term, Niagara County.

Ejectment by Barbara Myers against the Bell Telephone Company of Buffalo. From a judgment in favor of defendant for costs, and dismissing the complaint, on the report of a referee in favor of defendant, after a trial on the merits, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

George B. Burd and Julius A. Schreiber, for appellant.
John A. Pound, for respondent.

SPRING, J. The plaintiff is the owner of a farm in the town of Wheatfield, in the county of Niagara, through which there is a public highway, that has been in use as such for upwards of 60 years. In 1867 Benjamin Long, then the owner of this farm, conveyed it by warranty deed to one Johnson; and, after the description in the deed, this clause appears: "Reserving all highways and the Buffalo and Niagara Falls Railroad as now laid down." This clause appears in each subsequent conveyance, until a deed dated October 1, 1884, in which the fee of the lands used for highways is specifically conveyed, subject to the public easement thereon; and a similar clause is contained in each conveyance thereafter, including the one vesting the plaintiff with the title in 1897, although she had been the owner

¶ 1. See Deeds, vol. 16, Cent. Dig. § 456; Easements, vol. 17, Cent. Dig. § 7; Highways, vol. 25, Cent. Dig. § 290.

previously, but parted with the title, and again acquired it upon the foreclosure of a mortgage held by her.

The defendant, a telephone company, has set eight poles along this highway, adjacent to the premises of the plaintiff. This is an action of ejectment, and the sole question is whether the plaintiff owns the fee of the highway upon which the poles of the defendant have been placed. Some time before Long conveyed the lands, there were two railroads across the farm, but one had been abandoned, and the highway changed slightly, to occupy the bed relinquished by the railroad; but that change does not affect the relation of the parties to the highway, under the findings of the referee. If Long reserved to himself the fee in this highway, this plaintiff never became vested therewith, and the referee was right in dismissing the complaint, as in an action of ejectment the plaintiff must depend upon the sufficiency of his own title. On the other hand, if the effect of the reserving clause is to be limited to the easement of the public in this highway, then the plaintiff acquired the fee thereof, and may maintain her action to dispossess the defendant as an interloper. Eels v. The A. T. & T. Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640; Coatsworth v. Lehigh Valley R. Co., 156 N. Y. 451, 457, 51 N. E. 301. For confessedly it never acquired the right to set its poles by condemnation, or by any transfer of the plaintiff or her predecessors in title.

There are certain presumptions or canons in the interpretation of conveyances which may be pertinent:

(1) That an exception or reservation must be construed most favorably to the grantee if any ambiguity or uncertainty arises over its meaning. Grafton v. Moir, 130 N. Y. 465, 470, 29 N. E. 974, 27 Am. St. Rep. 533; Duryea v. Mayor, 62 N. Y. 592; Devlin on Deeds, § 969.

(2) That the grantor intends to convey all the interest owned by him in the premises described, unless the intent to pass a less estate is expressly manifest in the deed, or is fairly to be implied from the terms of the grant. Section 210, c. 547, p. 593, Laws 1896 (Real Property Law); Blackman v. Striker et al., 142 N. Y. 555, 561, 37 N. E. 484. In Jones on Real Property and Conveyancing (section 531), this rule is thus tersely stated: "An exception of the fee is not implied. The intent to make such exception must appear in express terms."

(3) In noting the distinction between a reservation and an exception, the court, in Craig v. Wells, 11 N. Y. 315, at page 321, use this language:

"It will be seen, therefore, that a reservation is always of something taken back out of that which is clearly granted, while an exception is of some part of the estate not granted at all. A reservation is never of any part of the estate itself, but of something issuing out of it—as, for instance, rent, or some right to be exercised in relation to the estate; as to cut timber upon it."

See, also, Schoonmaker v. Hoyt, 148 N. Y. 425, 42 N. E. 1059.

That is, before a grantor, in the strict nomenclature of conveyancing, may reserve anything, he must have parted with the substance of the thing upon which the reservation depends, and then pare off for him-

self something issuing out of that conveyed. Governed by this rule of construction, which is often adverted to, there was no retention of the fee in Long, for that was the very essence of the thing which passed to the grantee by the conveyance. However, this rule, as well as all purely technical standards of construction, must yield to the paramount one that the intention of the parties to the grant, if discernible, is to control in determining its meaning. Clark v. Devoe, 124 N. Y. 120, 26 N. E. 275, 21 Am. St. Rep. 652.

Let us briefly examine the situation. The land which Long owned, and which is now owned by the plaintiff, comprises a farm. The highway cuts it in two. This highway makes a long, narrow strip, extending entirely across the farm; and, even when Long parted with the title, it had been used for a highway for a generation or more. It would be valueless, severed from the contiguous land on either side, for the cost of maintenance and of fencing would exceed any revenues which might reasonably be expected to be gathered from its cultivation. Its value depends upon its connection with the land adjacent to it, and presumably the parties dealt with the property so as to derive the greatest value from it. For a like reason, the presumption obtains that, where land conveyed is bounded on an existing street, the fee passes to the street center. In re Opening Cathedral Parkway, 20 App. Div. 404, 46 N. Y. Supp. 832, affirmed in 158 N. Y. 638, 49 N. E. 1100; Matter of Ladue, 118 N. Y. 213, 23 N. E. 465. There is no suggestion in the record that Long or any of his privies ever asserted any title to this strip, or supposed he had retained a beneficial interest therein. While, strictly speaking, it may have been unnecessary to make any reservation, as the existence of the highway was observable, yet Long had given a deed containing covenants of warranty; and, to protect himself against them to the extent of the lands occupied for highways and by railroads, it was not unreasonable or unusual that he provide against these incumbrances in his conveyance. There had been some change in the location of the highway, and one railroad line had been abandoned, so he made the reservation applicable to the easements "as now laid down." We think the authorities sustain the position that this reservation, so far as pertinent here, was intended to apply solely to the easement of the public in the highway in question. In Blackman v. Striker, 142 N. Y. 555, 37 N. E. 484, the common ancestor provided by will for the allotment of his land among his devisees. One parcel, 40 feet by 80 feet, was fenced off, containing the family burial ground. The allotment was made, and, in the conveyance to the devisee who received as part of his portion the plot referred to, this clause appeared:

"Saving, excepting and reserving unto the heirs of the said John Hopper of the Out Ward, deceased, and to their and each of their heirs out of this present demise, all that certain burying ground now in fence consisting of forty-eight feet square parcel of the said lot of ground and commonly called the family burying ground, with free ingress, egress and re-gress into, out of and from the same to bury the dead," etc., "forever."

The grantee removed the corpses interred in the lot, and erected a costly building thereon. The court, in construing this clause, decided that it did not except the fee from the operation of the convey-

ance. To be sure, the court invoked the rules of construction which I have touched upon, and other extrinsic circumstances, to show the intention was to pass the fee. Those extraneous facts, it may be said, are no more suggestive in elucidating the intention of the parties to the grant than are apparent in the present case in confirmation of the like construction that the parties to the Long conveyance in 1867 expected to pass the fee of the strip in controversy.

In Elliot v. Small, 35 Minn. 396, 29 N. W. 158, 59 Am. Rep. 329, the tract conveyed was five acres, and following the description was this clause: "Reserving from said grant a strip thirty-three feet in width on the south side of the said tract for a public street." And it was held that the fee of the strip passed to the grantee. In Kuhn v. Farnsworth, 69 Me. 404, added to the description in the deed were the words: "Exclusive of the country road four rods wide through the above premises which is reserved to the said grantor." Held, that only the easement was reserved. Similar clauses in Sullivan v. Eddy, 154 Ill. 199, 40 N. E. 482; Capron v. Kingman, 64 N. H. 571, 14 Atl. 868; Bolio v. Marvin (Mich.) 89 N. W. 563; Carter v. Foster, 145 Mo. 383, 47 S. W. 6; King v. Murphy, 140 Mass. 254, 4 N. E. 566; and Wellman v. Churchill, 92 Me. 193, 42 Atl. 352—received a like construction. In Jones on Real Property & Conveyancing, vol. 1, § 542, it is stated that the ordinary interpretation to be put upon the clause, "an exception or reservation of an existing highway passing through the land conveyed," is that it operates to release the covenantor from any covenants against incumbrances, but the fee is carried along in the grant.

The leading authority upon which the respondent relies is Munn v. Worrall, 53 N. Y. 44, 13 Am. Rep. 470. In that case the deed contained the following:

"Saving and excepting from the premises hereby conveyed all, and so much, and such part and parts thereof as has or have been lawfully taken for a public road or roads."

The court held it excepted the fee. It will be noted that the exception is "from the premises," and the decision is based upon that phraseology, without impairing the general doctrine of the cases discussed in the opinion, and to some of which reference has already been made. The court say at page 48, 53 N. Y., 13 Am. Rep. 470:

"None of the cases referred to present the feature which exists in the present case, of an exception from the premises described of a specific portion of such premises. * * * The word, 'premises,' we think, clearly means, in the connection in which it is used, the tract of land described in the deed, and not the estate or interest of the grantor; and the exception was of a portion of such premises, and not of an interest therein."

And that is the pith of its decision.

In Mount v. Hambley, 33 App. Div. 103, 50 N. Y. Supp. 813, 53 N. Y. Supp. 1110, a conveyance by executors of one Read contained this clause: "Save and excepting therefrom fifteen feet by fifteen feet on the northeasterly corner of said lot, reserved as a way to Read's cellar." A few years later the said grantors conveyed another portion of the said premises, contiguous to the right of way, including it in the description in specific terms. The first grantee did not, by his

user, assert title to the excepted strip; but the second grantee went into possession of the same, and erected buildings thereon. This court, giving a strict construction to the expression "save and excepting," in the light of the surrounding circumstances, held that the fee in the alleyway did not pass by the first grant.

In the present case we have the usual canons of construction, which in a close case are helpful and potential in a considerable degree, in harmony with the circumstances indicating it was the intention of the grantor, Long, to convey the fee subject to the easements alluded to. The judgment should be reversed, with costs and disbursements of this appeal to the appellant to abide the event, and a new trial ordered before another referee.

Judgment reversed, upon questions of law and fact, and new trial ordered, with costs and disbursements of this appeal to the appellant to abide the event. All concur.