HAROLD RUSSELL HOUGHTALING, Plaintiff, *v.* LEROY S. STOOTHOFF and EVELYN STOOTHOFF, Defendants.

Supreme Court, Dutchess County, March 23, 1939.

*Gaius C. Bolin*, for the plaintiff.

*McCabe & Rosen*, for the defendants.

MORSCHAUSER, JOSEPH, Official Referee.   This is an action for a mandatory injunction requiring the defendants to remove a fence erected by them along the north line of a right of way ten feet wide over which plaintiff was granted an easement for ingress and egress. At the time of the commencement of the action the plaintiff served a notice of motion, in which he applied for a temporary injunction. This motion was denied, and in a memorandum opinion the learned justice held that under the conveyances to the respective parties the defendants Stoothoff and wife were the owners in fee of the ten-foot strip of land which is the subject of this controversy, and that the plaintiff Houghtaling merely had a right of way over it. The learned justice indicated that the papers on the motion did not establish that the defendants had interfered with plaintiff's enjoyment of his right of way.

All the issues herein were referred to me as official referee to hear and determine the same by an order of the Supreme Court made at a Special Term on the 2d day of December, 1938.   By consent of the parties and pursuant to their stipulation, I visited and examined the premises with the parties and the respective counsel, and I have fully described the visitation I made at page 54 of the testimony.

Fox street and Livingston street in the city of Poughkeepsie run generally east and west.   Fox street is south of Livingston street.   The plaintiff's premises front on Fox street, and the defendants' premises front on the same street and adjoin plaintiff's premises immediately on the east.   These two parcels run northerly to the rear line of certain lots fronting on Livingston street.   Orig-

inally one M. Alice Frazer held title to the premises of both plaintiff and defendants, as well as to a lot known as lot 38, fronting on Livingston street and having a common rear line with the premises of the defendants.

In 1934 the said M. Alice Frazer conveyed to the plaintiff, Harold Russell Houghtaling, by a deed dated July 2, 1934, the plaintiff's premises on Fox street lying immediately west of the premises now owned by defendants. To provide Houghtaling with access to Livingston street, the grantor, Frazer, inserted the following paragraph in that deed:

" *Together* with a right in ingress and egress over a right of way ten (10) feet in width extending southerly along the easterly side of Lot No. 38 as shown on the above map, from Livingston Street to the rear of said Lot No. 38, and a further right of way ten (10) feet in width extending along the rear line of Lots Nos. 38, 39 and 40, said right of way to be immediately south of and adjacent to the rear line of said lots and to extend westerly to the easterly line of the premises above described."

This quoted paragraph granted to the plaintiff Houghtaling a ten-foot right of way running north and south over the easterly ten feet of lot 38 and over the northerly ten feet of the premises of the defendants which fronted on Livingston street. This second portion of the right of way, which runs east and west, is now asserted by Houghtaling to be embraced in the grant in fee simple to him. He says that he was given the absolute title in fee simple and not merely a right of way, but the clear and unambiguous language of the paragraph above described shows that he is mistaken. What was granted was a right of ingress and egress over a right of way ten feet in width over lot 38 and " a further right of way " ten feet in width over land adjoining the rear line of lots 38, 39 and 40.

On February 8, 1935, the grantor, Frazer, conveyed to the defendants Stoothoff and wife the premises now owned by them on Fox street immediately adjoining Houghtaling on the east. The 1935 deed from Frazer to Stoothoff and his wife contains the following paragraphs:

" *Excepting* and *reserving* from the above for right of way purposes for the premises to the west previously conveyed by the parties of the first part to Russell Houghtaling, a strip of land ten (10) feet in width extending from the range of the easterly line of Lot No. 38, as shown on said map, westerly to said premises of Russell Houghtaling.

" *Together* with a right of ingress and egress in common with others over a right of way ten (10) feet in width, extending northerly from the above described premises to the southerly line of Living-

ston Street; the easterly line of said right of way being the easterly line of said Lot No. 38.

"Said premises are sold subject to any restrictions, right of way or easements that are on record against the said premises, if any."

The plaintiff Houghtaling argues that the use of the words "excepting" and "reserving" in the above paragraphs from the Stoothoff deed withheld from the grant to the Stoothoffs the fee of the ten-foot strip running east and west and immediately adjoining lot No. 38 on the south.

The general meaning of the terms "excepting" and "reserving" are explained in Robinson's New York Real Estate Law (at p. 218) as follows: "The word 'reserving,' it would seem, is applicable to the withholding of *rights* or *easements* issuing *out of* the estate granted, while the word 'excepting' is applicable to the *estate itself*. In the former case a right is reserved with reference to that which is granted; in the latter case that which is excepted is not granted at all." (Italics the court's.)

The general distinction between the two terms is pointed out by Judge SELDEN in *Craig* v. *Wells* (11 N. Y. 315, at p. 321): "A reservation is always of something taken back out of that which is clearly granted; while an exception is of some part of the estate not granted at all. A reservation is never of any part of the estate itself, but of something issuing out of it, as for instance, rent, or some right to be exercised in relation to the estate." (See, also, *Beardslee* v. *New Berlin L. & P. Co.*, 207 N. Y. 34, and *Schoonmaker* v. *Hoyt*, 148 id. 425.) Consequently, whatever doubts might have existed if only the word "excepting" had been used would be resolved by the use of the word "reserving." In determining the intent of the grantor, however, we must read these words in the light of the other language in the deed and not construe them apart from their setting and without relation to the circumstances within which the grantor used them. The exception and reservation in this 1935 deed is expressly stated to be "for right of way purposes for the premises to the west previously conveyed by the parties of the first part to Russell Houghtaling." Had Frazer intended to reserve the fee of this strip it would have been idle and wholly unnecessary to describe what was the purpose of the exception and reservation. Since, however, Frazer intended to convey the fee and to reserve only an easement which had theretofore been granted to Houghtaling and made appurtenant to his property, it was necessary to describe the purpose of the exception and reservation. Further, a reservation in a deed from Frazer to Stoothoffs could not constitute a grant, conveyance or transfer to Houghtaling, and even if Frazer had intended at that time to except the fee of

the ten-foot strip from the grant to Stoothoffs and convey it to Houghtaling, the instrument and the language used would have been wholly ineffectual to accomplish her purpose. (*Bridger* v. *Pierson*, 45 N. Y. 601; *Blackman* v. *Striker*, 142 id. 555, 561; *Beardslee* v. *New Berlin L. & P. Co.*, 207 id. 34, 39; *Hinckel* v. *Stevens*, 165 id. 171.) The most it could have done was to have retained in her the title of the ten-foot strip. The last of the three paragraphs in the Stoothoff deed clinches this by its provision that Stoothoff's premises are subject to any restrictions, right of way or easement that are on record. The only right of way over the Stoothoff premises and the only right of way on record against the Stoothoff premises was the one Frazer gave to Houghtaling in the 1934 deed and if Stoothoff was not receiving the title in fee simple of that strip there would have been no need to recite the subjection of his land to any right of way or easement.

Further, the 1935 deed from Frazer to Stoothoff must be construed most favorably to the grantees and against the grantor, Frazer, if any ambiguity or uncertainty about its meaning is thought to exist. (*Blackman* v. *Striker*, 142 N. Y. 555; *Grafton* v. *Moir*, 130 id. 465, 470; *Beardslee* v. *New Berlin L. & P. Co.*, 207 id. 34; *Myers* v. *Bell Tel. Co.*, 83 App. Div. 623.) And, further, there is a presumption or rule in the interpretation of conveyances that a grantor is presumed to intend to convey all the interest owned by him in the premises described, unless the intent to pass a less estate is expressly manifested in the deed, or is fairly to be implied from the terms of the grant. An exception of the fee is never implied and must appear in express terms. (*Blackman* v. *Striker*, 142 N. Y. 555, 561; *Myers* v. *Bell Tel. Co.*, 83 App. Div. 623.)

On August 2, 1938, the plaintiff Houghtaling obtained a deed from M. Alice Frazer conveying lot No. 38 on Livingston street, and over which both Stoothoff and Houghtaling had a right of way to reach Livingston street. Previous to that time Houghtaling and Stoothoff had passed to Livingston street over other portions of lot No. 38 besides the ten-foot strip, because a large rock located in the ten-foot strip and the general topography of the area made it impassable, or, at least, very inconvenient, to traverse. After his purchase of lot 38, Houghtaling, in September of that year, gave notice to the Stoothoffs that they must not use any part of lot 38 for passage to Livingston street except the ten-foot strip over which they had been granted a right of way by Frazer, and that if they desired to use any other part of lot 38 they would be required to pay a monthly sum therefor. Stoothoff immediately urged a counter-demand upon Houghtaling that in crossing the rear section of the Stoothoff land, over which a portion of the ten-foot right of

way enjoyed by Houghtaling passed, Houghtaling should hold to the ten-foot strip described in the deeds. Stoothoff also telephoned Houghtaling that he contemplated the erection of a line fence at the rear of his property and suggested that Houghtaling step to the rear and permit Stoothoff to show him the proposed location of the fence. Houghtaling declined the invitation and said he would look at the fence after it was erected. On the same day Stoothoff also gave Houghtaling a written notice that he intended to erect a line fence and further called Houghtaling's attention to the fact that he would be restricted to the ten-foot right of way across the rear of the Stoothoff property. On the evening of September 10, 1938, Stoothoff erected the fence described above about thirty-nine inches in height and along the rear line of his property on the north of the right of way. He left, however, an unfenced portion of the line at the extreme easterly end for a distance of ten and four-tenths feet. This opening leaves a wholly open and unobstructed passage from the ten-foot right of way running north and south along the easterly ten feet of lot 38 into the right of way running east and west along the northerly ten feet of Stoothoffs' premises. At the same time Stoothoff erected a similar fence running east and west along the southerly line of the portion of the right of way that was over his property. The plaintiff makes no complaint about this second fence. The fence erected by the defendants does not encroach upon the right of way, and the defendants, as owners of the servient tenement, had a right to have their land fenced or unfenced, as they chose. (See *Brill* v. *Brill*, 108 N. Y. 511.) It is the general rule that the owner of the servient estate may erect fences along the side of a way, though he cannot erect fences across the way so as to obstruct it entirely. (19 C. J. § 240, p. 986.)

The right of way possessed by the plaintiff is not a right of way by necessity or prescription, but a right of way created by grant, and plaintiff's rights must, therefore, be determined by the terms of the grant. It is unfortunate if the ten-foot right of way Frazer granted to Houghtaling is of insufficient width, or that his enjoyment of the easement is attended by hardship and inconvenience, but defendants did not create that condition. This line fence which the plaintiff seeks to have removed runs in part along the southerly line of lot 38 and in part along the southerly boundary line of lot 39, owned by one John Puncher. The plaintiff does not ask that the portion of the fence dividing the Stoothoff property from the Puncher property be taken down. His demand is confined to that part of the fence on the line between the Stoothoff property and lot 38, which plaintiff has purchased from Frazer. In other words,

if there were no fence between the Stoothoff property and lot 38 plaintiff, since he has acquired the title in fee to lot 38, could conveniently pass to and fro between lot 38 and the main parcel of land which he acquired in 1934, but this east and west right of way across the rear of the Stoothoff property was created for the benefit of that parcel of land on Fox street which the plaintiff acquired in 1934, and was not created for the benefit of lot 38. It was acquired to enable plaintiff to pass from the premises on Fox street conveyed to him along the right of way to Livingston street and not to enable the plaintiff to pass from the premises on Fox street conveyed to him along the right of way to lot 38. The plaintiff, as owner of the dominant tenement, may use the east and west right of way only for the benefit of the land to which it is appurtenant. He cannot have this right of way enlarged or made appurtenant to lot 38 to enable him to pass therefrom either to the premises acquired by him on Fox street in 1934 or to Livingston street. He is bound by the terms of the grant to him and may not use the right of way for the benefit of any land other than that to which it was made appurtenant when it was granted. A different rule would impose an undue burden upon the servient estate and would leave it subject to constantly increasing burden if Houghtaling should continue to purchase additional adjoining properties in the neighborhood. (*Wilson* v. *Ford*, 148 App. Div. 307; *McCullough* v. *Broad Exchange Co.*, 101 id. 566.)

The complaint should be dismissed on the merits. Findings should be presented.