Emmett J. Schxepp, J.
Plaintiffs seek an injunction restraining defendant from using a right of way over their land and for damages. Plaintiffs are the owners of real property situate on a right of way known as McConnell Avenue, which extends easterly from Washington Street in the City of Auburn, a distance of 167.80 feet, and on an additional 12-foot right of way extending easterly therefrom a distance of 118.25 feet. Defendant is the owner of premises fronting 132 feet on Genesee Street and extending northerly therefrom to a point where a 10.78-foot strip of his land abuts the 12-foot right of way. The premises owned by the defendant are shown on maps as Parcels A and F, fronting on Genesee Street, Parcel E which adjoins Parcel A on the north and extends southerly to such 12-foot right of way, Parcels B and C which adjoin Parcel E on the east and are north of Parcel F, said Parcel B adjoining Parcel F. On February 1, 1870 Parcel E and other property, not involved here, were conveyed to Israel F. Terrill, the then owner of Parcels A, B, C and other adjoining property not affected by this action. Parcel E was described by metes and bounds and as running to the ‘ ‘ south line of a lane running to Washington ’Street * * * and thence westerly and along the south line of said lane and parallel with Genesee Street ”. This conveyance included “a perpetual and unobstructed right of way (wagon or carriage way) in common with others not less than twelve feet wide from that portion of the herein described premises extending to said lane, thence * * * to Washington Street”. On April 7, 1899, parcels A, B and E, with other property, separately described by metes and bounds were conveyed to Amasa J. Parker, and the 12-foot right of way was conveyed in the above exact language, immediately following the separate description of Parcel E and as a part of such description. (Exhibit 9.) On September 29, 1910, Parcels A, J3, O and E, generally *122 described as bounded by the land of the adjoining owners specifically named and by reference to Exhibit 9, were conveyed to Herbert A. Morgan, including after such general description the right of way as follows, “ also all the right of way over and through Parsons Lane so called to Washington Street On September 30,1910, Morgan conveyed these premises using the same language to the First Church of Christ Scientist of Auburn, New York. On June 11, 1931 Parcel F was conveyed to the church. The entire premises was used for church purposes with the church building being located on Parcel A. The deed to defendant from the church made on December 17, 1965, designated the parcels as A, B, C, E and F by reference to a map and also described the premises by metes and bounds, which description was followed by a conveyance of the right of way in question. The conveyances in plaintiffs’ chain of title were made subject to the rights of way. The portion of the 12-foot right of way adjoining defendant’s land was unused until 1966, at which time he cut the brush, placed stone thereon and began using it for access to Washington Street. Defendant constructed an addition to the church building, which is now used as an office building. A building was erected on Parcel F now occupied by an insurance company and a new professional office building was erected on a part of Parcels B and E. The area of the entire property not occupied by buildings is blacktopped for parking and driveway purposes. The strip of land leading to the right of way was also blacktopped and a sign was posted on Parcel E with an arrow stating “ exit to Washington St.” The Works Progress Administration installed a sanitary sewer on McConnell Avenue which extends to the point where defendant’s land abuts the 12-foot right of way, and gas service and sewer connections have been provided to defendant’s property from the right of way, by the city and utility company.
It is found that plaintiffs are the owners of the fee to the 20-foot strip known as McConnell Avenue and to the 12-foot strip extending therefrom to defendant’s land, subject to the rights of way granted to the defendant. An easement created by a grant can only be extinguished by abandonment, conveyance, condemnation or adverse possession. To prove an abandonment it is necessary to establish both an intention to abandon and some overt act or failure to act which implies that the owner neither claims nor retains any interest in the easerqnnt, and nonuser alone, no matter how long continued, cannot extinguish such, an easement. (Gerbig v. Zumpano, 7 N Y *123 2d 327.) There is no proof here of adverse possession or of acts showing an unequivocal intention to abandon this right of way or demonstrating clearly the relinquishment of a right to the easement, and it is found that the easement has not been extinguished. (Hennessy v. Murdock, 137 N. Y. 317.)
The defendant has endeavored to use the right of way for the benefit of land owned by him other than Parcel E. By posting a sign showing this right of way as an exit he has openly invited occupants of other lands owned by him to use it. The right of way was conveyed in connection with Parcel E and is appurtenant thereto. The original grantee, who was not entitled to use the right of way in connection with property other than Parcel E, could not confer upon others a use which he as owner did not possess. (Wilson v. Ford, 209 N. Y. 186.) The grant being made in connection with Parcel E, the right of way may not be used for the benefit of any land, other than that to which it was made appurtenant when it was granted. (Grant v. Kustas, 224 App. Div. 762; Houghtaling v. Stoothoff, 170 Misc. 773.)
Further, the defendant has changed the condition of Parcel E, the dominant tenement, so as to increase the burden of the servitude upon the servient tenement of plaintiffs and to the service of real property other than Parcel E the originally dominant property. By erecting the professional building partially on Parcel E and partially on Parcel B, the enjoyment of the original right related to Parcel E cannot now be separated from the enjoyment of the excess beyond such right. The nature and extent of the use of the right of way by the dominant tenement may, of course, be enlarged or changed, but it may not subject the servient tenement to uses in connection with other premises to which the easement is not appurtenant. The defendant as owner of Parcel E might have lawfully devoted the right of way to a use that would have authorized and required a greater burden thereon, but the defendant has no right to enlarge the use of the easement for the benefit of those parts of his building which are upon premises other than Parcel E. The right of way is a valuable property right appurtenant to Parcel E, which may not be destroyed except by due process of law. However, the authorized use intermingled with an unauthorized use may justify enjoining any use, until the circumstances have so changed that the authorized use may be permitted without affording opportunity for the unauthorized use which it would be difficult to discover or prove. Defendant is responsible for the situation which *124 enables bis tenants and others to use the easement and renders it impossible for the plaintiffs to know which have, and which have not a right to such use. Plaintiffs ’ rights may only be effectively preserved by enjoining the defendant from use of the easement, except by him personally or by his individual grantee, while the premises remain in their present condition, and from furnishing occasion or extending by implication, or otherwise, any invitation to the tenants or persons having business with the tenants to use the easement, until such time as the building be so changed, altered or arranged as to permit the enjoyment of the easement for the advantage of Parcel E only. (McCullough v. Broad Exch. Co., 101 App. Div. 566, affd. 184 N. Y. 592.) Leave is granted to the defendant to apply tp the court at the foot of the judgment upon notice to the plaintiffs or their successors in interest, when the court’s direction shall have been complied with, to vacate the injunction as to Parcel E, leaving the injunction however, to stand permanently as to the remaining premises Parcels A, B, C and F.
There being no proof respecting damages, such claim is dismissed.