JOHN MUSSEY, *in Equity, versus* PROPRIETORS OF UNION WHARF.

An easement may be extinguished by the lawful location and construction of a street.

No right can be acquired to an easement merely as *appurtenant* to land, the *existence* of which easement is suspended at the time the title to the land is acquired.

THIS was a bill in equity, in which the complainant alleged that a certain easement or right of way over flats to which he had right as an appurtenance to land owned by himself in common with others, situated near the head of Union wharf in Portland, had been obstructed, interfered with and interrupted by the respondents, (by constructing a wharf upon the premises over which the right of way exists,) and that they were preparing still further to interfere with, interrupt and obstruct said right. He therefore prayed for a writ of injunction under the seal of this Court, restraining and prohibiting the said proprietors, their servants and agents, from all further proceedings in interfering with, interrupting, and obstructing the way and right of way aforesaid; and that they might be held to remove all obstructions heretofore by them placed in the way of the enjoyment by the complainant of his right of way aforesaid, and to indemnify him for the damage sustained by reason of their wrongful doings in the premises, and for such further relief as equity might require.

Mussey v. Proprietors of Union Wharf.

The other facts of the case are sufficiently stated in the opinion of the Court. The case was presented upon bill, answer and proof.

*Rand*, for the plaintiff.

1. The right of way was reserved in the deed of Enoch Ilsley & als. to Eben Storer & als.; Ilsley & als. owning the whole lot *appurtenant* to the corner lot. The plaintiff, through sundry mesne conveyances, is the owner of Joseph Jewett's part of the corner lot, and is entitled to the right or easement.

2. " A convenient way" was not located by the deed reserving it; but was located by *user* for a long time on the southwest side of Deering's flats. *It could only be used there.* " Where a right of way is granted without any designation of the place by the deed, it becomes located by usage for a length of time. *Wynhoop* v. *Berger*, 12 Johns. 222.

3. The plaintiff then had the right. Has he lost it? If so, how? His predecessors did not *release* it, nor has he released it. They have not *abandoned*, nor lost it by *non-user*. It was used up to 1850. It could not be lost by *non-user*. The doctrine of extinguishment by *non-user* does not apply to easements created *by deed*. Only easements created by *user* can be so lost. *Arnold* v. *Stevens*, 24 Pick. 106; *Jewett* v. *Jewett*, 16 Barb. 150; *White* v. *Crawford*, 10 Mass. 183.

4. Was it lost or extinguished by the making of Commercial street? No similar case is found. The right is valuable; and the Court will not hold the easement extinguished *by act of law*, if it can be avoided. 2 Hill. Abr. 54, Easements, c. 5, § 12. Commercial street merely *suspends the enjoyment;* it does not *extinguish* the right; and it suspends it only in part. Vessels can come up to the street.

*Shepley & Dana*, for respondents.

1. Injunctions should be granted or continued only to prevent an immediate and irreparable injury. The case should require a preventive remedy. *Attorney Gen.* v. *Nichols*, 16 Ves. 342; *Corporation of New York* v. *Mapes*, 6 Johns. Ch. 49.

2. An injunction will not be granted or continued, when the right to be protected by it is a doubtful one. *Hart* v. *Mayor of Albany*, 3 Paige, 213; *Steamboat Co.* v. *Livingston*, 3 Cow. 713.

The respondents contend, that the passage by water to the lot described had been destroyed by operation of law. Its possible use did not exist before the bill was filed. The easement had been extinguished by the laying out and building of Commercial street. That passage by water to complainant's lot was one and indivisible. If destroyed at one point it is of necessity destroyed at all points. It had, therefore, when the bill was filed, no existence. *Corning* v. *Gould*, 16 Wend. 531; *Hancock* v. *Wentworth*, 5 Met. 446; *Ballard* v. *Butler*, 30 Maine, 94.

3. To authorize a court of equity to interpose by injunction to prevent or remove a private nuisance, it must be a strong and mischievous case of pressing necessity, or the right must have been previously established by law. *Van Bergen* v. *Van Bergen*, 3 Johns. Chan. 289; *Porter* v. *Witham*, 17 Maine, 292; *Ingraham* v. *Donnell*, 5 Met. 118.

It ought not to interpose by injunction, except when the law will not afford an adequate remedy, and when an irreparable injury will be done. *Wingfield* v *Crenshaw*, Henry & Mumf. 474.

4. When the merits, as presented by the bill, are denied by the answer, an injunction is ordinarily to be dissolved. *Poor* v. *Carleton*, 3 Sumn. 74, 76.

5. Whether an injunction shall be dissolved is a matter of judicial discretion. *Poor* v. *Carleton*, before cited.

*W. P. Fessenden*, for respondents, argued in support of the above propositions and commented on the power of the Court to grant injunctions in connection with the rules in restraint and limitation of that power. It is not imperative on the Court to issue an injunction, but the whole question is left to its sound discretion, in view of the facts of the case, subject to established rules. He maintained there was no such thing as the location of a right of way over water by *user*.

*Rand*, in reply, commented on the cases *Ballard* v. *Butler*, and *Hancock* v. *Wentworth*, showing that the facts were different, and contended, that a right resting in grant cannot be lost by *non-user*. A right of way over water can be located by *user*. There is no distinction between right of way over land and over water reserved by grant. The act of a third person cannot extinguish the right; it merely suspends or obstructs it. This case does not present a question for the discretion of the Court. If the right of way contended for exists, it is the *duty* of the Court to protect it.

HATHAWAY, J. — The deeds introduced by the plaintiff establish his title to one undivided quarter of the upland lot, bounded on the southerly or southeasterly side thereof, by the "flats," which were conveyed by Enoch Ilsley and others to Ebenezer Storer and others, by deed of December 1, 1792, as is alleged in the bill. That deed contains a reservation, in the words following, *to wit:* — "reserving to ourselves, however, forever, a convenient way on each side of said wharf when erected, a convenient way to pass and repass to and from the docks on the easterly and southwesterly side of said flats with such vessels as may float in said docks." The plaintiff claims that this reservation was an easement, to which he has title as an appurtenance to his land. It was not conveyed to him as *an easement*, by his deed from Warren and others of August 5, 1854. Nor was it transferred or mentioned *as such* in any of the mesne conveyances, through which he derived his title. Nor was it ever conveyed by the original grantors in the deed of December 1, 1792, or by their heirs or assigns, unless it passed by the general words, "privileges and appurtenances," as used in the deeds. Nor were there any words of inheritance attached to the reservation. It was, "to ourselves," only. It is not necessary, however, to consider the question whether or not, the easement, reserved in that deed, was determined by the alienation or death of the grantors therein named, for it appears, in the case, that on the 29th of March, 1850, the city of Portland located Commercial street,

one hundred feet wide, and running across the docks and wharves, about one hundred and ten feet below the plaintiff's land; which street, before the plaintiff acquired his title, was legally established and built, in a manner so substantial and permanent, that it was a perfect barrier, preventing any access to the plaintiff's land, from the docks, by water, with vessels of any description. If the easement, as claimed by the plaintiff, existed previous to the location of Commercial street, it was extinguished by the lawful establishment of that street, with its embankments and solid walls. *Hancock* v. *Wentworth,* 5 Met. 446; *Ballard* v. *Butler,* 30 Maine, 94. But if, as the plaintiff contends, the establishment of that street did not extinguish the easement, but only suspended it, such conclusion would not aid him in the matter, for he could acquire no right to an easement, *merely as appurtenant* to his land, the *existence* of which easement was suspended when he purchased the land and received his title. 2 Hilliard on Real Property, c. 60, § 12. *Bill dismissed with costs for defendants.*

TENNEY, C. J., and RICE, CUTTING and GOODENOW, J. J., concurred.