HAROLD RUSSELL HOUGHTALING, Appellant, v. LEROY S. STOOTHOFF and EVELYN STOOTHOFF, His Wife, Respondents.— In an action for an injunction restraining defendants from obstructing, through the erection and maintenance of a line fence, certain real property alleged to belong to plaintiff, judgment in favor of defendants affirmed, with costs. The complaint alleged that the fence was erected upon the east and west right-of-way, and obstructed the same. The court found that the fence does not encroach upon the right-of-way. On this appeal the parties stipulated to omit the testimony from the record, and consequently we must accept the findings as they are, including the finding of non-encroachment. Whether the fence encroaches upon Lot 38 is immaterial, because no such issue was tendered by the pleadings. Plaintiff is entitled to nothing more than an unobstructed right of passage. Under the findings, he has not been deprived of such right in any respect. Provided only that the right of passage is not obstructed, the owners of the servient tenement are entitled to fence their land. (*Brill* v. *Brill*, 108 N. Y. 511.) Lazansky, P. J., Hagarty, Taylor and Close, JJ., concur; Adel, J. (dissenting): The defendants own the fee of the east and west right-of-way described in the various deeds. It extends along the rear line of the plot owned by the defendants and includes every part of the ten feet to the rear or end lot line. The fence with its posts must, therefore, encroach upon the right-of-way or else upon the adjoining property. If it is upon the adjoining property then, in so far as Lot No. 38 is concerned, it encroaches upon property the fee of which is owned by the plaintiff. While the plaintiff can use the right-of-way only for the benefit of the land to which it is appurtenant and cannot have it enlarged or made appurtenant to Lot No. 38, that question is not here for determination. The plaintiff is entitled to judgment requiring the defendants to remove the fence erected along the northerly line of the right-of-way on or adjoining Lot No. 38. [170 Misc. 773.]

In the Matter of the Application of SOLOMON REITER, Appellant, for an Order Directing HERMAN A. SCHOENFIELD, Attorney-at-Law, Respondent, to Turn over to Him Certain Moneys and for Other Relief.— Application under section 475 of the Judiciary Law to compel respondent, an attorney, to turn over certain money and for other relief. Order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.