Love, J.
(dissenting). In this action plaintiff demands that the defendants be directed to remove a garage which plaintiff claims is encroaching upon a right of way appurtenant to plaintiff’s lands. The defendants contend that the right of way has long since been extinguished, but the Official Referee has held otherwise.
The defendants are the owners of a corner lot in Olean, N. Y. The east or front line of the premises extends approximately thirty-four feet along North Union Street and the north line extends approximately seventy-nine feet along Coleman Street. Plaintiff’s lot also fronts on North Union Street and adjoins the defendants’ premises on the south. The west line of both lots is approximately parallel with and approximately seventy-nine feet west of North Union Street. A store building occupies the easterly or front portion of plaintiff’s lot, and the only means of ingress and egress to the rear of his premises is across the rear of the defendants’ lands.
In 1886, by deed, a right of way eight feet in width was created for the benefit of the lot now owned by the plaintiff across the most westerly portion of the premises now owned by the defendants. (The garage which defendants have been directed to remove encroaches upon the eastern four feet of this right of *897 way.) The conveyance from defendants’ grantor to the defendants in 1931 made no mention of this right of way, but conveyed all of the property except a right of way four feet in width for the benefit of the premises now owned by the plaintiff. The location of that right of way was to be at the option of the defendants. It might be noted that since defendants’ grantor was the owner of the servient estate she could not extinguish the existing easement. Neither could she create an additional easement in favor of the dominant estate, because the owner of that estate was a stranger to the deed. (Tuscarora Club v. Brown, 215 N. Y. 543; Houghtaling v. Stoothoff, 170 Misc. 773, affd. 259 App. Div. 854.)
In 1932 the defendants built a barbershop, fronting on Union Street, in the space of ten feet between the building on their lot and the building of the plaintiff’s predecessor in title, one Burke. Shortly thereafter, the defendants paid Burke $125 for a conveyance of the following:
“ * * * all of the land, if any, lying between [defendants’ land] * * * and the frame building situate on [Burke’s land] 6 *' °. Granting unto the said parties of the second part the right to use the north wall of said frame building so long as said frame building shall remain standing. Said strip of land, if any, extending from N. Union Street, to the westerly bounds of said first party’s [Burke’s] lands.
“Excepting and reserving therefrom a right of way over a strip of land four feet in width across the lands hereby conveyed for the use of Michael J. Burke, owner of adjoining premises on the south of the premises hereby conveyed, to him, his heirs and assigns forever. Said right of way to be in connection with the right of way as contained in the deed given by [defendants’ grantor to defendants] * * *. Location of said right of way to be at the option of the parties of the second part [defendants].”
At the time of this conveyance there existed on the rear or westerly portion of Burke’s premises a dwelling house, and a stone path led across defendants’ premises to the entrance of this house. Burke told defendants that the purpose of the reservation of the four feet was so “ they can get in and out to get the garbage out.”
The distance between the defendants’ lot and Burke’s building was 1.05 feet at North Union Street and 2.28 feet at the west end of the building, and had the south wall of the building continued to the west boundary of Burke’s land it would have been 3.43 feet distant from plaintiff’s lands. However ambiguous the deed might be as to the southerly course of the strip conveyed by this deed, there is no ambiguity as to how far west such strip extends. It expressly extends from North Union Street to the westerly boundary of Burke’s premises.
A grantor is deemed to have conveyed all of his interest in his land except that reserved by the express terms of the grant or by necessary implication therefrom (Real Property Law, § 245). Were it not, therefore, for the reservation of four feet across the narrow strip, all ingress and egress to plaintiff’s premises over the right of way eight feet in width would have been cut off. This would effect an extinguishment of the eight-foot right of way, since an extinguishment is worked when the use of an easement becomes impossible. (See Mussey v. Proprietors of Union Wharf, 41 Me. 34; Porter v. International Bridge Co., 200 N. Y. 234, 248).
The defendants were permitted to locate the four-foot right of way across the strip at their option, and they did locate that right of way at the rear or western end of the strip and in such a manner that it connected with the eight-foot right of way. Thus ingress and egress was not cut off, but the use of the *898 eight-foot right of way was restricted, and could be used effectively only for a footway, as was stated by Burke to be his purpose in exacting the reservation.
Under all the circumstances the execution of the conveyance by Burke was an unequivocal act showing a clear intention to abandon the easement over the defendants’ lands except for a right of way four feet in width. (See Roby v. New York Central & Hudson Riv. R. R. Co., 142 N. Y. 176, 181; Porter v. International Bridge Co., supra.)
The judgment should be reversed on the law and facts, with costs, and the complaint dismissed, with costs.
All concur in Memorandum by the Court, except Love, J., who dissents and votes for reversal and dismissal of the complaint in a separate opinion. Present — Taylor, P. J., MeCurn, Love, Vaughan and Kimball, JJ.
Judgment modified on the law in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. The findings of fact have been examined and affirmed. New finding of fact made. Conclusions of law disapproved and reversed and new conclusions made.