## (January 31, 1974)

■ Stephen W. Zeh, Sr., et ál., Appellants, v. Morris F. Karker et al., Respondents, et al., Defendant.— Appeal from a judgment of the Supreme Court, entered November 28, 1972 in Schoharie County, upon a decision of the court at a Trial Term, without a jury, which dismissed the complaint. Plaintiffs acquired title to four contiguous lots in the development of defendants Karker, by virtue of a deed from Helen Cohn dated July 12, 1967. The deed granted plaintiffs "a right to use a Right of Way 33 feet in width leading in a *northwesterly direction from said premises* * * * to an intersecting Right of Way leading therefrom in a general westerly direction to the public highway * * * for the purpose of ingress and egress with vehicles or on foot". (Emphasis supplied.) On September 7, 1967 plaintiffs became the record owners of 5.99 acres of land located south of said defendant's development. Although this parcel had independent access to the public highway, plaintiffs wished to reach it directly from their four lots and in order to do so, they cleared an area along the right of way in a southerly direction from these four lots. Subsequently, in 1969, they improved such access by having gravel put down over this area. In 1970, defendants Karker objected to plaintiffs' use of this portion of the right of way and eventually barricaded it, thus cutting off plaintiffs' access to the after-acquired parcel from their four lots; their access to the public highway from such lots remained unimpeded. Plaintiffs commenced the instant action against Niagara Mohawk Power Corporation (whose employees had offered limited assistance in erecting the barricade) and the individual defendants seeking damages and a permanent injunction against interference with their access to the after-acquired lot. Plaintiffs have not appealed the dismissal of the cause of action against Niagara Mohawk but challenge the denial of injunctive relief contending that their property rights have been violated by the construction of the barricade by defendants Karker. From the language of the deed, it is clear that plaintiffs have no right to travel in a southerly direction from their four lots along the right of way, such travel being unnecessary for either ingress or egress. In so doing, plaintiffs are improperly attempting to enlarge the right of way to uses foreign to the grant (see *Grafton* v. *Moir*, 130 N. Y. 465; *H. H. Apts.* v. *Beachcliffe Realty Corp.*, 8 A D 2d 966, 967, affd. 8 N Y 2d 760). It is well settled that a right of way granted in connection with one parcel may not be used for the benefit of any land other than that to which it was made appurtenant when it was granted (*Tamburo* v. *Murphy*, 72 Misc 2d 120, 123, affd. 40 A D 2d 947; *Houghtaling* v. *Stoothoff*, 170 Misc. 773, 779, affd. 259 App. Div. 854). There is no question here but that the right of way was appurtenant only to the four lots acquired on July 12, 1967, and, as such, plaintiffs have no right to use it for the benefit of the after-acquired parcel. In any event, the barricade was erected at the end of the 33-foot right of way and along the side of a second 12.7-foot east-west right of way, and did not obstruct either. Plaintiffs thus have no right to have it removed (see *Houghtaling* v. *Stoothoff*, *supra*, p. 778). Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur.