■ JOHN M. BARBER et al., Appellants, v EUGENE T. WAITE et al., Respondents.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Dier, J.), entered May 25, 1988 in Washington County, which, inter alia, granted defendants' motion to modify a prior order and granted defendants' motion for leave to amend their answer.

Plaintiffs commenced this action pursuant to RPAPL article 15 to determine their rights to an easement over an existing road crossing defendants' properties; plaintiffs John M. Barber and William L. Nikas also seek money damages said to have been sustained because defendants denied them access to that roadway. Defendants object to Barber and Nikas' intended use of the road in their logging operation.

In their original verified answer, defendants admitted that a metes and bounds description in the complaint "describes a right of way for the benefit of [plaintiffs] Leo A. and Marion Dewey * * * for purposes of ingress and egress only", but denied that Barber and Nikas, whose property adjoins the Deweys, had any right, permissive or otherwise, to use the roadway. By order to show cause dated April 18, 1987, plaintiffs moved for a preliminary injunction authorizing their use of the right-of-way. On the return of that motion, May 22, 1987, six of the defendants and their attorney appeared and a stipulation was entered into of which there is no record; indeed it is not even clear whether the stipulation was made in open court (see, Matter of Dolgin Eldert Corp., 31 NY2d 1, 3-5). That same day, Supreme Court signed an order granting

plaintiffs a preliminary injunction, effective during the pendency of the RPAPL article 15 proceeding, entitling them to use the right-of-way (described as two rights-of-way since the road splits at its terminus to separately serve the Deweys' property and that of Nikas and Barber) for ingress and egress without interference by defendants. Three weeks later, on June 11, 1987, Supreme Court ordered entry of a permanent injunction enjoining defendants from interfering with the use of the right-of-way by the Deweys, and their heirs and assigns. This relief was granted based upon the pleadings, affidavits and consent to that relief by defendants through their then attorney. Barber and Nikas then purchased the Deweys' property, purportedly solely to obtain the now permanently protected easement appurtenant thereto. When defendants learned this, they changed attorneys and moved to, among other things, vacate the order granting the Deweys a permanent injunction and to amend the above-quoted part of their answer, arguing (1) that their answer was affected by a unilateral mistake in that they intended to plead that the Deweys had only a permissive right to use the right-of-way, and (2) that their then attorney had no authority to consent to anything more than a preliminary injunction, and that to be conditioned on Barber and Nikas withdrawing their claim for damages. Supreme Court modified its June 11, 1987 order making the injunction a preliminary one, authorized the amended answer and granted other relief not in issue here. Plaintiffs appeal.

Plaintiffs maintain that the concession by defendants' attorney on the May 22, 1987 return date should be enforced as an open-court stipulation (see, CPLR 2104). Since we do not know what defendants' attorney said and an oral stipulation cannot be enforced unless its terms are definite (see, Rivera v Triple M. Roofing Corp., 116 AD2d 561, 562; see also, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2104:2, at 560-561), this argument is to no avail. What is significant though is that defendants secured relief not from a stipulation but from Supreme Court's June 11, 1987 order, and the grounds for relieving a party from the constraints of an order are. limited. Inasmuch as defendants did not appeal or move to reargue the motion within the allotted time (see, Liberty Natl. Bank & Trust Co. v Bero Constr. Corp., 29 AD2d 627), nor charge an error on the part of Supreme Court (CPLR 2002) or demonstrate an insubstantial defect or mistake (CPLR 5019 [a]), the matter could only have been reopened by a motion to renew or a CPLR 5015

motion. In either case, relief would be inappropriate where, as here, the movant was guilty of laches *(see, e.g., Lind v Port of N. Y. Auth.,* 28 AD2d 984, 985, *appeal dismissed* 20 NY2d 948; Siegel, NY Prac § 254, at 314); defendants waited nine months before moving to correct the putative errors of their former counsel and did so only after Barber and Nikas had purchased real property in reliance upon the provisions of the order and answer which defendants now seek to change.

It should be noted that this action has not reached resolution, for Supreme Court has yet to determine whether the Deweys' easement contemplated the ingress and egress of commercial logging equipment or merely personal access *(see, Zeh v Karker,* 43 AD2d 881).

Order modified, on the law, without costs, by reversing so much thereof as granted defendants' motion modifying the June 11, 1987 order and granted defendants leave to amend their answer; motion seeking said relief denied; and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.