In the Matter of the Estate of JARDIN YTER, Deceased. MARIE VOGELSTEIN, Appellant; JOEL T. CAMCHE, Respondent.
[639 NYS2d 838]

In May of 1980, the decedent executed a will which was drafted by the petitioner, Marie Vogelstein. In December of 1989, approximately one year prior to his death, the decedent executed a codicil in which he bequeathed the amount of $200,000 to the petitioner's granddaughter, and $200,000 to the Roman Catholic Diocese of Brooklyn. The codicil was drafted by the petitioner and witnessed by her and her daughter. After the decedent's death, the petitioner sought to have the will and codicil probated, but failed to reveal her relationship to her granddaughter who was named as a beneficiary. Thus, the court did not order a hearing pursuant to *Matter of Putnam* (257 NY 140), to determine whether the decedent had

been subjected to undue influence. Subsequently, when it became evident that the petitioner had failed to reveal the relevant facts to the court, the beneficiaries under the 1980 will moved to vacate the probate decree, reopen the proceedings, and remove the petitioner as executrix.

On numerous occasions thereafter, the court ordered the petitioner to make an accounting of the assets and turn the assets over to a newly appointed administrator, and the petitioner failed to do so. On two occasions, after negotiations, the parties reached a stipulated settlement, which they placed on the record, as to the bequests to each beneficiary. Each time, the petitioner repudiated the agreement immediately after the hearing, alleging that the court had coerced the parties to settle.

At a third hearing, after three days of trial, the parties reached an agreement without any intervention by the court. The stipulation was placed on the record, and the court entered a decree of probate incorporating the stipulated settlement. The petitioner sought to repudiate the settlement, again claiming coercion by the court, and moved to vacate the decree and set aside the stipulation.

Contrary to the petitioner's contention, there was no evidence in the record that the court coerced the parties to settle the dispute as to the validity of the will and codicil. Therefore, the court properly denied the petitioner's motion to vacate the probate decree and set aside the stipulation of settlement. In addition, since the record clearly indicated that the petitioner wilfully refused to comply with numerous court orders to make an accounting and turn over the assets of the estate, the order finding her in contempt was proper (see, SCPA 607).

Moreover, it was reasonable for the court to conclude that the petitioner's conduct was frivolous within the meaning of 22 NYCRR 130-1.1 (c), since she persisted in her refusal to comply with the court's directives long after it was apparent that her position was completely without merit in law or fact. Thus, the imposition of sanctions and costs was appropriate. Balletta, J. P., O'Brien, Altman and Friedmann, JJ., concur.