WILLIAM SPIER, Respondent, v JEFFREY J. HOROWITZ et al., Appellants. [791 NYS2d 156]—

In an action, inter alia, to enjoin the defendants from obstructing an easement and to recover damages for trespass, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Costello, J.), entered August 29, 2003, as, upon an order of the same court dated May 1, 2003, among other things, granting the plaintiff summary judgment on the second cause of action and denying those branches of their motion which were for summary judgment dismissing the second, third, and fourth causes of action, enjoined the defendants from using a certain easement in a manner not prescribed in the instrument describing the easement, determined that the parties retain all rights and defenses to a certain easement across the defendants' property, and discontinued the plaintiff's third and fourth causes of action.

Ordered that the judgment is modified, on the facts, by deleting the provision thereof discontinuing the plaintiff's third and fourth causes of action and substituting therefor a provision severing those causes of action; so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

A "written order [or judgment] must conform strictly to the court's decision" (*Di Prospero v Ford Motor Co.*, 105 AD2d 479, 480 [1984]), and in the event of an inconsistency between a judgment and a decision or order upon which it is based, the decision or order controls (*see Verdrager v Verdrager*, 230 AD2d 786, 787 [1996]; *Green v Morris*, 156 AD2d 331 [1989]; *Di Prospero v Ford Motor Co., supra*). Such an inconsistency may be corrected either by way of a motion for resettlement or on appeal (*see* CPLR 2221, 5019 [a]; *Green v Morris, supra*; *Young v Casabonne Bros.*, 145 AD2d 244, 248 [1989]).

The Supreme Court's order, inter alia, granted the plaintiff summary judgment on the second cause of action, denied those branches of the defendants' motion which were for summary judgment dismissing the second, third, and fourth causes of action, and directed that the plaintiff's third and fourth causes of action be severed and continued. In contrast, the Supreme Court's judgment directs that the third and fourth causes of action be discontinued. The defendants therefore correctly asserted that the judgment is inconsistent with the order with respect to the third and fourth causes of action. Since the order controls, the Supreme Court intended the plaintiff's third and fourth causes of action to be severed and continued.

The Supreme Court correctly found the plaintiff had the continued right to enforce the easement that had been moved in 1997. An express grant of easement, such as the one in this case, is not extinguished merely because the necessity for the easement ceases, or through mere nonuse (*see Gerbig v Zumpano*, 7 NY2d 327, 330 [1960]; *Filby v Brooks*, 105 AD2d 826, 828 [1984], *affd* 66 NY2d 640 [1985]). Rather, once an easement is created, it can be extinguished only by abandonment, conveyance, condemnation, or adverse possession, and remains "as inviolate as the fee" (*Gerbig v Zumpano, supra* at 330; *see Will v Gates*, 89 NY2d 778 [1997]; *Green v Mann*, 237 AD2d 566, 567 [1997]; *People v Byrneses-On-Hudson, Inc.*, 226 AD2d 353 [1996]; *Strnad v Brudnicki*, 200 AD2d 735, 736 [1994]). Further, the acts demonstrating an intention to abandon must be unequivocal and must clearly demonstrate the permanent relinquishment of all right to the easement (*see Gerbig v Zumpano, supra* at 330; *Wallkill Farms Homeowners Assn. v Velazquez*, 205 AD2d 681, 682 [1994]).

Although the plaintiff agreed to move the easement, he never manifested any intention to abandon it, nor was the easement conveyed, condemned, or taken by adverse possession. In short, no conditions exist that would serve to extinguish the plaintiff's right to enforce his rights in the easement. Accordingly, because

the plaintiff seeks only to enforce his right to continue to use an existing easement, the Supreme Court properly determined that he could maintain an action concerning that easement.

Finally, the Supreme Court correctly granted that branch of the plaintiff's motion which was for partial summary judgment on his second cause of action. An easement granted in connection with one parcel may not be used for the benefit of any land other than that to which it was made appurtenant when it was granted (*see Zeh v Karker*, 43 AD2d 881 [1974]). In this case, the easement at issue was created to provide east-west access, not north-south access. Further, the defendants' north-south travel is unnecessary for ingress and egress to their property. Thus, the Supreme Court correctly determined that the defendants' traversing of the easement in a north-south direction was improper (*see Houghtaling v Stoothoff*, 170 Misc 773 [1939], *affd* 259 App Div 854 [1940]). Florio, J.P., Cozier, Rivera and Skelos, JJ., concur.