GLOBAL BUSINESS SCHOOL, INC., Doing Business as GLOBAL BUSINESS INSTITUTE, Respondent, v R.E. BROADWAY REAL ESTATE, II, LLC, Appellant. [833 NYS2d 48]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered February 3, 2006, which, insofar as appealed from, did not condition the granting of plaintiff tenant's motion for a *Yellowstone* injunction upon its payment of rent to defendant landlord, unanimously affirmed, with costs.

Under the terms of the subject lease, tenant, which operates a business school, was not required to start paying rent to landlord until the earlier of three months from the date it received "Quarters Approval" from the New York State Department of Education, or four months from the date landlord delivered a temporary certificate of occupancy to use the premises as an educational facility. Neither condition had yet occurred when the motion court granted the *Yellowstone* injunction. Thus, a direction to pay rent would confer on landlord a benefit to which it is not entitled under the lease (*see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 515 [1999]). We reject landlord's argument that tenant is obligated to pay rent because of tenant's three-month delay in delivering to landlord architectural plans suitable for bidding and construction. Under paragraph (2) (a) of the parties' work letter, attached to the lease, landlord's remedy for that delay would be to shorten the rent abatement period by the delay. Thus, a three-month delay would require tenant to begin paying rent, at the earliest, when it receives the Quarters Approval, rather than three months thereafter. Again, it does not appear that the Quarters Approval has been received. Concur—Mazzarelli, J.P., Saxe, Marlow, McGuire and Kavanagh, JJ.