RKO Properties, Ltd., Appellant, v Shaya Boymelgreen et al., Respondents, et al., Defendants. [910 NYS2d 93]—

In an action, inter alia, for specific performance of contracts for the purchase of real property, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered May 26, 2009, which, upon a decision dated April 14, 2008, made after a hearing, inter alia, directed it to pay an attorney's fee pursuant to 22 NYCRR 130-1.1 in the principal sum of $24,821, "plus interest from November 24, 2007, in the sum of $3,353.90 to the date of entry of judgment."

Ordered that the judgment is modified, on the law, by deleting from the decretal paragraph thereof the words "plus interest from November 24, 2007, in the sum of $3,353.90 to the date of entry of judgment," and substituting therefor the words "plus interest at the statutory rate of 9% per annum from the date of the entry of the judgment until payment"; as so modified, the judgment is affirmed, with costs to the respondents.

"Pursuant to 22 NYCRR 130-1.1, an award of costs, including an attorney's fee, may be imposed against a party for frivolous conduct" (*Finkelman v SBRE, LLC*, 71 AD3d 1081, 1081 [2010]). Here, the Supreme Court providently exercised its discretion in directing the plaintiff to pay an attorney's fee. The record supports the court's determination that the plaintiff engaged in frivolous conduct pursuant to 22 NYCRR 130-1.1 (c) by failing to turn over the subject general releases, and in ignoring the Supreme Court's subsequent directive to do so (*see Astrada v Archer*, 71 AD3d 803, 807 [2010]; *Wesche v Wesche*, 51 AD3d 909, 911 [2008]; *Matter of Yter*, 225 AD2d 702, 703 [1996]).

However, the judgment is inconsistent with the decision dated April 14, 2008, with respect to the award of interest. "A 'written order [or judgment] must conform strictly to the court's decision' (*Di Prospero v Ford Motor Co.*, 105 AD2d 479, 480 [1984]), and in the event of an inconsistency between a judgment and a decision or order upon which it is based, the decision or order controls" (*Spier v Horowitz*, 16 AD3d 400, 401 [2005]; *see Verdrager v Verdrager*, 230 AD2d 786, 787 [1996]). "Such an inconsistency may be corrected either by way of a motion for resettlement or on appeal" (*Spier v Horowitz*, 16 AD3d

at 401; *see Green v Morris*, 156 AD2d 331 [1989]). Here, the decision directed that interest be awarded "from the date of entry of the judgment, not from November 2007," and the judgment must be modified accordingly.

The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal. Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.