In a probate proceeding and a related action, inter alia, to set aside certain transfers of real property, which was transferred from the Supreme Court, Suffolk County, to the Surrogate’s Court, Suffolk County, Janet Tomaino, Santino Tomaino, National Summit Group, Inc., and James C. Schultz, defendants in the action, and nonparty Arthur V Graseck, Jr., the attorney for the defendants Janet Tomaino, Santino Tomaino, and National Summit Group, Inc., appeal from (1) a decree of the Surrogate’s Court, Suffolk County (Czygier, S.), dated January 7, 2011, which, upon a decision of the same court dated November 29, 2010, made after a hearing, awarded the plaintiffs in the action damages in the principal sum of $108,100 and attorneys’ fees in the principal sum of $99,761.25, directed the defendant James C. Schultz to pay the sum of $10,000 to the Lawyers’ Fund for Client Erotection, and directed nonparty Arthur V Graseck, Jr., to pay the sum of $10,000 to the Lawyers’ Fund for Client Erotection, and (2) a clerk’s judgment of the Supreme Court, Suffolk County, entered January 26, 2011.
Ordered that the clerk’s judgment is vacated; and it is further,
Ordered that the appeal from the clerk’s judgment is dismissed as academic, in light of the vacatur of that judgment; and it is further,
Ordered that the decree is affirmed; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
The clerk’s judgment entered January 26, 2011, must be vacated because it merely duplicates the decree dated January 7, 2011 (see SCPA 601; Kraut v New York City Tr. Auth., 306 AD2d 383 [2003]).
*634 There is no merit to the contention of the defendants Janet Tomaino, Santino Tomaino, and National Summit Group, Inc., that damages representing the value of the use and occupancy of the subject premises should not have been awarded with respect to the period of January 30, 2006, through November 25, 2008. Contrary to their contention, these defendants failed to demonstrate that any losses incurred by the plaintiffs during that time period were attributable to the plaintiffs.
The Surrogate’s Court providently exercised its discretion in determining that the conduct of the defendants Janet Tomaino, Santino Tomaino, and National Summit Group, Inc., was frivolous and that the plaintiffs were entitled to an award of attorneys’ fees (see 22 NYCRR 130-1.1; Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 78 AD3d 1008, 1009-1010 [2010]; RKO Props., Ltd. v Boymelgreen, 77 AD3d 721 [2010]). Further, the Supreme Court providently exercised its discretion in determining that the conduct of the defendant James C. Schultz and nonparty Arthur V Graseck, Jr., was frivolous, and in directing each of them to pay a sanction in the sum of $10,000 to the Lawyers’ Fund for Client Protection (see 22 NYCRR 130-1.1, 130-1.3; Astrada v Archer, 71 AD3d 803 [2010]). Eng, EJ., Skelos, Lott and Cohen, JJ., concur.