Schwartzbard v Cogan (2021 NY Slip Op 01523)





Schwartzbard v Cogan


2021 NY Slip Op 01523


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Renwick, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 161674/13 Appeal No. 13341 Case No. 2018-20660 

[*1]Michael Schwartzbard, Plaintiff-Appellant,
v
Marshall S. Cogan, Defendant-Respondent.


Blank Rome LLP, New York (Harris N. Cogan of counsel), for appellant.



Appeal from order and judgment (one paper), Supreme Court, New York County (Cynthia S. Kern, J.), entered April 26, 2017, deemed an appeal from the resettled order and judgment (one paper), same court and Justice, entered January 25, 2018 (CPLR 5520[c]), which, inter alia, granted plaintiff's motion for summary judgment on his first cause of action for breach of the parties' October 10, 2008 amended agreement, and, as so considered, unanimously modified, on the law, to conform the order and judgment's decretals to the decision and award plaintiff $76,000 in total monthly payments that were past due as of April 26, 2017, plus interest, and otherwise affirmed, without costs.
"A written order [or judgment] must conform strictly to the court's decision and in the event of an inconsistency between a judgment and a decision or order upon which it is based, the decision or order controls" (Spier v Horowitz, 16 AD3d 400, 401 [2d Dept 2005] [internal quotation marks and citation omitted]). "Such an inconsistency may be corrected either by way of a motion for resettlement or on appeal" (id., citing CPLR 2221; CPLR 5019[a]; see Briscuso v Edison Parking Corp., 222 AD2d 328, 328 [1st Dept 1995]).
The motion court's decision, amended to grant plaintiff's motion for summary judgment on his first cause of action for breach of the October 10, 2008 modified agreement, also found that plaintiff was entitled to a money judgment in his favor for past due amounts owed. Because there is a conflict between the relief the motion court found plaintiff was entitled to in its decision, and the relief granted to plaintiff in the judgment, which made no provision for a money judgment as to plaintiff's first cause of action, the court's decision controls.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021