Wolf Haldenstein Adler Freeman & Herz LLP v 270 Madison Ave. Assoc. LLC (2022 NY Slip Op 07019)

Wolf Haldenstein Adler Freeman & Herz LLP v 270 Madison Ave. Assoc. LLC

2022 NY Slip Op 07019

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kapnick, J.P., Oing, Singh, Moulton, Pitt-Burke, JJ. 

Index No. 652297/21 Appeal No. 16832-16833-16834-16834A Case No. 2022-00540 2022-02659 2022-02684 2022-02686 

[*1]Wolf Haldenstein Adler Freeman & Herz LLP, Plaintiff-Respondent-Appellant,
v
270 Madison Avenue Associates LLC, et al., Defendants-Appellants-Respondents. 

Rosenberg & Estis, P.C., New York (Ethan R. Cohen of counsel), for appellants-respondents.
Herrick, Feinstein LLP, New York (Scott E. Mollen of counsel), for respondent.

Judgment, Supreme Court, New York County (Barry R. Ostrager, J.) entered June 3, 2022, pursuant to orders, same court and Justice, entered October 18, 2021, November 22, 2021 and January 6, 2022, to the extent appealed from, granting in part plaintiff's motion for partial summary judgment, awarding plaintiff declaratory and injunctive relief, damages, and attorneys' fees, and awarding defendants offset credits based on their unjust enrichment counterclaim, unanimously modified, on the law, to strike the amounts awarded and the interest incurred for the work performed to plaintiff's server room (judgment section B), the payment of additional rent (section D), and the overpayment of the porter's wage escalation (section E), and otherwise affirmed, without costs. Appeals from aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court properly issued a declaration as requested in plaintiff tenant's first cause of action that it is not in default of its lease with defendants landlords as alleged in the notice to cure, that tenant has no obligation to pay rent until after landlords' architect reasonably determines that landlords' work is substantially complete, and that the notice to cure is a nullity, warranting the injunction prohibiting landlords from instituting any proceeding under their notice to cure, and properly awarded tenant specific performance of landlords' obligations relating to the installation of a working HVAC on its third claim and attorneys' fees as the prevailing party. We modify the court's decision after trial and judgment to reflect the proper amount of rent credits under the lease and amendments.
Supreme Court properly enforced the rent abatement provision contained in section 4 of the parties' sixth lease modification agreement (the sixth amendment). Contrary to landlords' contention, tenant's agreement to accept the condition of the leased premises and performance of landlords' obligations under section 2.4 of the 1995 lease, "up to the time of possession," did not bind it to accepting any condition that arose thereafter simply because it remained in occupancy. Even if there were some basis for applying section 2.4's acceptance of conditions that arose in the leased premises some two decades later, the sixth amendment contained an unambiguous "Superseding Effect" provision in section 17, which states that any inconsistencies between the sixth amendment and the 1995 lease were resolved in favor of the sixth amendment (see e.g. Bank of N.Y. Mellon Trust Co., N.A. v Merrill Lynch Capital Servs. Inc., 99 AD3d 626, 628 [1st Dept 2012] ["inconsistency provisions are frequently enforced by courts"]). Thus, Supreme Court properly determined that the rent abatement under section 4 of the sixth amendment applied until landlords' architect determined that landlords' work on floors 9 and 10 of the leased premises had reached "substantial completion" as defined under section 2(a).[*2]
As to whether substantial completion was reached as a factual matter, landlords' architect testified unequivocally at his deposition and at trial that substantial completion of the work was not achieved due to persistent HVAC problems, which he likened to the sound of a "jet engine." Accordingly, Supreme Court properly awarded a rent abatement to tenant under section 4 of the sixth amendment and determined that landlords' notice to cure was a nullity and could not be enforced.
Although landlords urge on appeal that it was commercially unreasonable for Supreme Court to allow tenant to occupy floors 9 and 10 rent free, this argument fails to address the fact that tenant relocated to floors 9 and 10 at landlords' behest because landlords sought to demolish floors 11 and 13, where tenant had been operating during landlords' work and was paying rent. Under those circumstances, landlords' recourse was to seek a modification of the terms of the sixth amendment before requesting that tenant return to floors 9 and 10 and demolishing floors 11 and 13 (see Global Bus. School, Inc. v R.E. Broadway Real Estate, II, LLC, 38 AD3d 451 [1st Dept 2007] [where lease conditions for paying rent had not yet occurred, "a direction to pay rent would confer on landlord a benefit to which it is not entitled under the lease"]). In any event, landlords did not demand rent for floors 11 and 13 in the notice to cure but rather sought the rent for floors 9 and 10, which was abated until substantial completion, and it is well settled that deficient predicate notices may not be amended (Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 788 [1980]).
Supreme Court also properly rejected landlords' waiver defense, as tenant demonstrated that it immediately rejected landlords' notice of substantial completion and consistently sought to enforce its rights under the sixth amendment, and waiver cannot be inferred "to frustrate the reasonable expectations of the parties embodied in a lease when they have expressly agreed otherwise" (Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 446 [1984]). We therefore decline to disturb Supreme Court's fact-finding after trial (300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 54-55 [1st Dept 1997]).
Turning to tenant's argument that Supreme Court should have awarded the delay damages under section 3 of the sixth amendment, unlike the rent abatement, such damages would amount to a penalty where tenant had already returned to floors 9 and 10, rendering damages for the delay in substantial completion in addition to the rent abatement disproportional and therefore unwarranted (Free People of PA LLC v Delshah 60 Ninth, LLC, 169 AD3d 622, 623 [1st Dept 2019]).
As for the additional credits to tenant in the judgment, we agree with landlords that they were not included in the decision after trial, which controls (Schwartzbard v Cogan, 192 AD3d 523, 523-524 [1st Dept 2021]). On appeal, we find that tenant is entitled to a rent credit for [*3]moving expenses under section 12 of the sixth amendment and modify the judgment accordingly (id.). Tenant adduced evidence at trial that it was entitled to the $100,000 moving credit, which should have been awarded in the decision after trial as a credit toward fixed rent under section 12(l). With respect to its overpayment of the porter's wage escalation under section 12(a), landlords produced evidence that they previously acknowledged the overpayment and credited it to tenant's account. As for the credit for tenant's work in the server room, section 12(c) provides that it would be entitled to a rent credit of up to $100,000 upon the submission of the relevant lien waivers, which are absent from the record.
Accordingly, the judgment is modified to strike the amounts awarded and the interest incurred for the work performed to tenant's server room ($100,000 under section B), the overpayment of the porter's wage escalation ($352,869.98 plus interest under section E), and the payment of additional rent ($195,000 plus interest under section D), which was not waived under the above-described rent abatement in section 4 of the sixth amendment.
Contrary to tenant's contention, the award of a rent credit, rather than a money judgment, for use and occupancy paid without prejudice did not violate the parties' stipulation. Unlike in Trafalgar Co. v Malone (73 Misc 3d 137[A] [App Term, 1st Dept 2021]), the landlords are not statutorily precluded from collecting rent, justifying Supreme Court's award of a credit against future rent. The award of interest on the use and occupancy payment was proper here, as interest is not a penalty but rather an incident of breach of contract (CPLR 5001[a] and [b]).
We also agree with Supreme Court that permitting tenant to retain its revenues from subleasing floors 9 and 10 while enjoying the rent abatement under the sixth amendment would amount to a windfall not contemplated by the parties' agreement (Global Bus. School, 38 AD3d at 451). Although we agree with tenant that the unjust enrichment counterclaim should not have been revived for the purpose of granting landlords that offset, as the lease and sixth amendment govern the parties' dispute (see e.g. Allenby, LLC v Credit Suisse, AG, 134 AD3d 577, 579 [1st Dept 2015]), the credit nevertheless was properly deducted from tenant's damages under section F of the judgment.
Finally, the Supreme Court properly awarded attorneys' fees to tenant as the prevailing party. Considering "the true scope of the dispute litigated and what was achieved within that scope" (cf. Free People of PA LLC, 169 AD3d at 623), tenant prevailed on all four causes of action in the complaint, and landlords were awarded an offset credit for the subleasing revenues collected by the tenant, rendering tenant the prevailing party. Supreme Court providently reduced the amount of fees sought by tenant to reflect the general overlitigation of the action, while noting that much of the unnecessary fees [*4]were incurred as a result of landlords' litigation tactics.
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022