Magna Equities II, LLC v Writ Media Group Inc. (2023 NY Slip Op 05320)

Magna Equities II, LLC v Writ Media Group Inc.

2023 NY Slip Op 05320

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 653808/16 Appeal No. 839-840 Case No. 2020-03794 2022-01540 

[*1]Magna Equities II, LLC, et al., Plaintiffs-Appellants-Respondents,
v
Writ Media Group Inc., et al., Defendants-Respondents-Appellants.
Magna Equities II, LLC, et al., Plaintiffs-Respondents,
v
Writ Media Group Inc., et al., Defendants-Appellants.

Sichenzia Ross Ference LLP, New York (Daniel Scott Furst of counsel), for appellants-respondents/respondents.
The Law Offices of Daniel S. Steinberg P.C., New York (Daniel S. Steinberg of counsel), for respondents-appellants/appellants.

Order and judgment (one paper), Supreme Court, New York County (O. Peter Sherwood, J.), entered September 1, 2020, which, to the extent appealed from, amended a prior order of the court to eliminate millions of dollars in damages owing to plaintiffs and to extinguish liability as against defendant Signature Stock Transfer, Inc., and awarded attorneys' fees and costs to plaintiffs, unanimously modified, on the law, to conform the judgment to the court's prior order, dated April 24, 2020, which confirmed the Special Referee's report and recommendation with respect to damages and liability (confirmation order), and otherwise affirmed, without costs. The Clerk is directed to enter a revised judgment that conforms to the confirmation order with respect to damages and liability.
Order, same court (Jennifer Schecter, J.), entered March 7, 2022, which denied defendants' motion to renew their prior motion to vacate their 2017 default, unanimously affirmed, without costs.
"A written order [or judgment] must conform strictly to the court's decision, and in the event of an inconsistency between a judgment and a decision or order upon which it is based, the decision or order controls" (Schwartzbard v Cogan, 192 AD3d 523, 524 [1st Dept 2021] [internal quotation marks omitted]). A court exceeds its authority when it sua sponte vacates its prior order, as it "has no revisory or appellate jurisdiction, sua sponte, to vacate its own order" (Howell v City of New York, 165 AD3d 567, 567-568 [1st Dept 2018], lv dismissed 33 NY3d 1121 [2019]). Here, the court exceeded its authority in entering the judgment, which effectively reversed or vacated its prior confirmation order without notice. Accordingly, the court is directed to enter a revised judgment that conforms to the confirmation order with respect to damages and liability.
The court providently exercised its discretion in awarding attorneys' fees and costs to plaintiffs (see 542 E. 14th St. LLC v Lee, 66 AD3d 18, 24 [1st Dept 2009]). The underlying report and recommendation thoroughly analyzed all litigation fees, concluded that the large amount of legal fees was largely due to defendants' posturing, and reduced a substantial amount of the fees. Accordingly, the amount of litigation fees and costs awarded to plaintiffs were reasonable, particularly considering defendants' role in the protracted litigation of this matter.
The court correctly denied defendants' motion to renew their second motion to vacate their default. Defendants contend that the court should have granted renewal and vacated their earlier default based on the Court of Appeals' holding in Adar Bays, LLC v GeneSYS ID, Inc. (37 NY3d 320 [2021]), which was decided several years after they defaulted in 2017. Defendants' arguments are unavailing, however, because Adar Bays — even assuming it did constitute a change in the law — would not have changed the court's determinations on defendants' prior vacatur motions. To support vacatur of a default [*2]pursuant to CPLR 5015(a)(1), a defendant must show both "a valid excuse for the default and a meritorious defense to the underlying action" (Tandy Computer Leasing v Video X Home Lib., 124 AD2d 530, 531 [1st Dept 1986]). The motion court repeatedly found that defendants' proffered excuse for defaulting did not warrant vacatur. Regardless, it is uncontested that defendants failed to raise usury as an affirmative defense or move to dismiss based on usury, and thus Adar Bays does not avail them.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023