American Tr. Ins. Co. v Hackensack Surgery Ctr., LLC (2025 NY Slip Op 05787)

American Tr. Ins. Co. v Hackensack Surgery Ctr., LLC

2025 NY Slip Op 05787

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-02568
2023-08153
 (Index No. 509710/22)

[*1]American Transit Insurance Company, appellant,
v
Hackensack Surgery Center, LLC, etc., respondent.

Larkin Farrell, LLC, New York, NY (William R. Larkin III and Melissa Marano of counsel), for appellant.
Roman Kravchenko, Melville, NY (Jason Tenenbaum of counsel), for respondent.
In an action pursuant to Insurance Law § 5106(c) for a de novo determination of claims for no-fault insurance benefits, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Sharon A. Bourne-Clarke, J.), dated February 2, 2023, and (2) an order of the same court dated March 22, 2023. The order dated February 2, 2023, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint. The order dated March 22, 2023, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to reargue its opposition to that branch of the defendant's prior motion which was pursuant to CPLR 3211(a) to dismiss the complaint and granted the defendant's cross-motion to resettle the order dated February 2, 2023.

DECISION & ORDER
Motion by the respondent, among other things, to dismiss the appeal from the order dated February 2, 2023, on the ground that it was superseded by the order dated March 22, 2023. By decision and order on motion of this Court dated May 10, 2024, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from the order dated February 2, 2023, on the ground that it was superseded by the order dated March 22, 2023, is granted; and it is further,
ORDERED that the appeal from the order dated February 2, 2023, is dismissed; and it is further,
ORDERED that the appeal from so much of the order dated March 22, 2023, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal [*2]lies from an order denying reargument (see Green v Hyacinth Green Irrevocable Living Trust, 240 AD3d 485); and it is further,
ORDERED that the order dated March 22, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff commenced this action pursuant to Insurance Law § 5106(c) and for a de novo determination of claims for no-fault insurance benefits. The defendant moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. By order dated February 2, 2023 (hereinafter the February 2023 order), the Supreme Court, among other things, granted that branch of the defendant's motion. Thereafter, the plaintiff moved, inter alia, for leave to reargue its opposition to that branch of the defendant's prior motion. The defendant cross-moved to resettle the February 2023 order. By order dated March 22, 2023, the court, among other things, denied that branch of the plaintiff's motion and granted the defendant's cross-motion. The court stated that at the calendar call on the return date of the defendant's motion, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint, the defendant's motion was granted on the plaintiff's default, but the February 2023 order failed to reflect the fact that the motion was granted on default. The plaintiff appeals from both orders.
"'A written order [or judgment] must conform strictly to the court's decision, and in the event of an inconsistency between a judgment and a decision or order upon which it is based, the decision or order controls'" (Schwartzbard v Cogan, 192 AD3d 523, 524, quoting Spier v Horowitz, 16 AD3d 400, 401). "'Such an inconsistency may be corrected either by way of a motion for resettlement or on appeal'" (id., citing CPLR 2221, 5019[a]). Here, the Supreme Court properly corrected its error by granting the defendant's cross-motion to resettle the February 2023 order to indicate that the defendant's motion, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint was granted on default (see Matter of Edward V., 204 AD2d 1060, 1061).
The plaintiff's remaining contention is improperly raised for the first time on appeal.
DUFFY, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court